## Atherton et al. v. Fox et al.

(June 7, 1932.)

DAVID R. CASTLEMAN, ELWOOD HAMILTON, RICHARD H. HILL, LEON P. LEWIS, WILLIAM T. BASKETT, and ROBERT G. GORDON for plaintiffs.

EDWARD P. HUMPHREY, SHACKELFORD MILLER, Jr., EUGENE R. ATTKISSON, MARK BEAUCHAMP, LAWRENCE MACKEY, S. MERRILL RUSSELL, J. BLAKEY HELM, BAILEY

P. WOOTTON, Attorney General, and WM. ATTKISSON, Assistant Attorney General, for defendants.

OPINION OF THE COURT BY JUDGE REES—Directing Issual of Temporary Injunction.

At its 1932 session, the General Assembly passed an act known as Senate Bill 333 (Acts 1932, c. 84), entitled:

"An Act relating to registration and other means of identification of voters for elections in counties of the Commonwealth containing a city of the first class; providing the revenue to defray the expenses of such registration; repealing Chapter 48 of the Acts of the General Assembly of 1930 relating to and governing registration of voters for elections in cities of the first class to the extent that same relates to the registration of voters in cities of the first class for the general November election of 1932 and thereafter."

The act provides for the registration of all voters in counties containing a city of the first class, creates the administrative machinery necessary to carry out the provisions of the act, and requires the fiscal court of each county to which it is applicable to levy a tax sufficient to defray the expenses of installing and maintaining the system of registration. The act repeals chapter 48 of the Acts of 1930, which provides for the permanent registration of voters residing in cities of the first class. It provides for the creation of a county board of registration commissioners, consisting of four members, to be divided equally between the two dominant political parties, and to be appointed by the board of election commissioners of the county from lists furnished by the chairman of each of the county and city executive committees of such county. Louisville is the only city of the first class in the state, and the operation of the act is thus limited to Jefferson county.

The plaintiffs brought this action against the members of the fiscal court and the members of the board of election commissioners of Jefferson county to enjoin the latter from appointing a board of registration commissioners and the former from levying a tax to raise revenue to defray the expense of installing and maintaining the registration system provided for in the act, on the ground that the act contravenes several consti-

tutional provisions and is invalid. The chancellor held the act valid, and refused to grant a temporary injunction.

The case is now before me on a motion for an order directing the chancellor to issue a temporary injunction herein. All members of the court sat with me on the hearing of the motion, and a majority of the judges are of the opinion that the act in question is invalid and that the motion should be sustained.

Section 59 of the Constitution provides:

"The general assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely: * * * 20. To provide for conducting elections. * * *,,

Subsection 29 of section 59 reads:

"In all other cases where a general law can be made applicable, no special law shall be enacted."
Section 147 of the Constitution reads in part:

"The general assembly shall provide by law for the registration of all persons entitled to vote in cities and towns having a population of five thousand or more; and may provide by general law for the registration of other voters in the state."

In construing section 59, it has been held repeatedly that the General Assembly is not prohibited from making classification of persons, places, and things for purposes of legislation provided that such classifications are based upon natural and reasonable distinctions. Jones v. Russell, 224 Ky. 390, 6 S. W. (2d) 460.

Under the act in question, the residents of Jefferson county living outside the corporate limits of the city of Louisville are required to register as a condition precedent to their right to vote. There is a considerable area of Jefferson county devoted to farming operations, and there are three sixth-class cities in that part of the county outside the corporate limits of the city of Louisville to which the provisions of the act apply. There is no law now requiring the registration in any other county of voters residing outside the corporate limits of cities of the first, second, third, and fourth class.

It is argued that the act is not discriminatory and does not contain any unreasonable classification, but that, on the other hand, on account of the density of population in cities of the first class and in the territory immediately adjacent to the corporate limits of such cities, there are greater opportunities for fraud in elections, and that these conditions render the classification reasonable. Whether the conditions existing in Jefferson county by reason of the density of population and the proximity of the rural sections of the county to a densely populated area are sufficiently differentiated from conditions existing in all other counties in the state to justify the Legislature in classifying counties containing cities of the first class separately from all other counties for the purpose of legislation in respect to registration of voters is not solely dependent on the construction of section 59 of the Constitution, but that section must be read in connection with section 147.

When the framers of the Constitution adopted the latter section, they made compulsory the registration of all persons entitled to vote in cities and towns having a population of 5,000 or more. They then made it optional with the General Assembly to provide for registration of other voters in the state, but required that it be done by general law. Unless they had some specific purpose in mind, there was no necessity for the latter provision in view of subsection 29 of section 59. Obviously it was their purpose to avoid classification of voters in rural areas based on nice distinctions as to density of population and resulting conditions. Soon after the Constitution was adopted, the General Assembly passed an act providing for the registration of voters in cities of the first, second, third, and fourth classes. Acts 1891-92-93, p. 106, c. 65. In 1904, that act was amended and its provisions extended to cities of the fifth and sixth classes. Acts of 1904, p. 31, c. 6. In Yates v. Collins, 118 Ky. 682, 82 S. W. 282, 973, 26 Ky. Law Rep. 558, 930, it was held that the latter act did not violate section 147 of the Constitution, since it was not class or special legislation to classify voters resident in cities separately from those resident in the county. In reaching this conclusion, the court evidently had in mind section 156 of the Constitution, which provides for the classification of cities.

A majority of the judges are of the opinion that section 147 of the Constitution requires that any legis-

lation which provides for the registration of voters residing outside the corporate limits of cities must apply to all such voters in the state. They are also of the opinion that the act violates sections 59 and 156 of the Constitution, since it requires registration of voters in three cities of the sixth class, while there is no law at present requiring registration in the other sixth class cities of the state.

It is argued that, if the act is invalid because it is made to apply to the county as a whole, it is invalid only as to the voters of Jefferson county residing outside the corporate limits of the city of Louisville, and that it is valid in so far as it is applicable to the city of Louisville. All members of the court concur in the opinion that, if the act is invalid for the reasons heretofore indicated, it is invalid in its entirety.

Section 36 of the act reads as follows:

"If any section, paragraph, clause or separable provision of this Act insofar as the same relates to and requires the registration of voters in the county or counties outside of the corporate limits of cities of the first class, should be adjudged to be unconstitutional, such decision shall not affect, or render unconstitutional, any other section, paragraph, clause or separable provision of this Act insofar as it relates to and requires the registration or other means of identification of voters living within the corporate limits of any city or cities of the first class, it being the intention of the General Assembly in enacting this Act to enact each section, paragraph, clause or provision separately."

This section is ineffective, since the title of the act gives no warning that the act, under any circumstances, is intended to create a new registration law for the city of Louisville only. Every section of the act relates to the registration of all voters in Jefferson county, and the central purpose of the act is to supply a system of registration for the entire county. The fiscal court is required to levy a county tax for the purpose of installing and maintaining the registration system, and there are no alternative provisions for levying taxes for creating and maintaining the system in the event the act is made to apply to the city only.

Chief Justice Dietzman and Judges Thomas, Willis,

and Richardson concur in the opinion that the act in question is invalid and that the motion for a temporary injunction should be sustained. Judges Clay and Perry are of the opinion that the act is valid.

It is therefore ordered that Hon. Lafon Allen, judge of the Jefferson circuit court, be and he is hereby directed to issue a temporary injunction against the defendants constituting the fiscal court of Jefferson county and also against the defendants constituting the board of election commissioners of Jefferson county as prayed for in plaintiffs' petition.