James P. HALLAHAN, Clerk of the Jefferson County Court, et al., Appellants,

v.

Emmet V. MITTLEBEELER, Appellee.

Court of Appeals of Kentucky.

Nov. 1, 1963.

Rehearing Denied Jan. 24, 1964.

William A. Young, Frankfort, E. P. Sawyer, County Atty., Louisville, for appellant.

Edwin W. Paul, Louisville, for appellee.

John B. Breckinridge, Atty. Gen., Walter B. Herdman, Asst. Atty. Gen., Frankfort, amicus curiae.

WADDILL, Commissioner.

This declaratory judgment action was brought by appellee in a representative capacity to determine the constitutionality of House Bill 17 which was enacted by the 1962–Legislature to amend KRS, Chapter 126. The circuit court held these amendments to be unconstitutional.

The question raised on this appeal is whether the amendments to KRS, Chapter 126 are unconstitutional for either of two basic reasons: (1) They contravene Section 147 of the Kentucky Constitution in that this Section does not permit the Legislature to designate classes of absentee voters and (2) they violate Sections 1, 2, 3, 6 and 59 of the Kentucky Constitution and the Fourteenth Amendment to the Federal Constitution by arbitrarily extending the absentee voting privilege to some voters but not all voters.

Section 147 of the Kentucky Constitution was amended in 1945 to provide that:

"* * * any person absent from the county of his legal residence, or from the state, may be permitted to vote in a manner provided by law."

By the enactment of House Bill 17 the pertinent definitions of KRS 126.140 were changed to read:

"(1) 'Absent voter' means any qualified voter in the United States services, or bona fide, full time student in residence at an educational institution, who expects to be absent from the county in which is situated his voting precinct on the day of holding any election. * * *

"(4) 'United States services' means:

"(a) Members of the armed forces while in the active service, and their spouses and dependents residing with them.

"(b) Members of the merchant marine of the United States, and

their spouses and dependents residing with them.

"(c) Civilian employes of the United States in all categories and their spouses and dependents when residing with or accompanying them, whether or not the employe is subject to the civil-service laws and the Classification Act of 1949, and whether or not paid from funds appropriated by the Congress.

"(d) Members of religious groups or welfare agencies assisting members of the armed forces, who are officially attached to and serving with the armed forces and their spouses and dependents residing with them."

■ In considering an attack on the constitutionality of legislation, this Court has continually resolved any doubt in favor of constitutionality rather than unconstitutionality. Reynolds Metal Co. v. Martin, 269 Ky. 378, 107 S.W.2d 251. We have also maintained that the propriety, wisdom and expediency of statutory enactments are exclusively legislative matters. Craig v. O'Rear, 199 Ky. 553, 251 S.W. 828. Moreover, in the instant case, we observe that in view of the permissive character of the hereinbefore quoted portion of Section 147, to vote by absentee ballot is a privilege extended by the Legislature and not an absolute right. See Crowe v. Emmert, Ky., 305 S.W.2d 272.

It is contended that the phrase "any person" in Section 147 means that if the Legislature grants the privilege of voting by absentee ballot, it must be extended to every qualified voter who is absent from the county of his legal residence on election day. In support of this contention reliance is had upon Atherton v. Fox, 245 Ky. 718, 54 S.W. 2d 11. That case involved the constitutionality of an Act of the 1932–Legislature which required all voters living in a county which contained a city of the first class

(of which there is only one) to register as a condition precedent to the right to vote. The Act was held to violate a clause of Section 147 which provides: "The General Assembly shall provide by law for the registration of all persons entitled to vote in cities and towns having a population of five thousand or more; *and may provide by general law for the registration of other voters in the State."* The Act in the Fox case was held to be unconstitutional because it arbitrarily set up a classification of voters (those living in one particular county) who were not reasonably different from those living in any other county insofar as the need for registration was concerned. However, in 1904 the Legislature had invoked this same Section to require registration of all voters living in an incorporated city. This classification of voters was held to be constitutional in Yates v. Collins, 118 Ky. 682, 82 S.W. 282. Thus we see from the result of the holdings in these cases that "other voters" as it appears in Section 147 does not necessarily mean "all voters." Similarly, the plain language of Section 147, insofar as it uses the words "any person," does not require the legislative discretion to be exercised in favor of all voters. As Section 147 contains no declarative limitation of legislative power on the subject of absentee voting we conclude that the Legislature may select the recipients of this privilege (consistent with other requirements of the Constitution).

■ Since there is no prohibition under Section 147 against establishing classifications of absentee voters, we must further determine whether the classifications fixed by the 1962-amendments to KRS 126.140 are unreasonable and arbitrary, i. e., whether the classifications rest on natural and reasonable distinctions. Miller v. Hoblitzell, Ky., 271 S.W.2d 899. The amendments establish two general classes of voters who are eligible to vote by absentee ballot: Persons serving the Federal government (including their spouses and dependents), and full time students. Admittedly they do not include many otherwise qualified voters who might normally be absent from the county of their residence on the day of an election. However, we perceive that the Legislature extended the privilege of absentee voting to persons living away from their county of legal residence who may, in the normal course of events, be expected to retain their voting residence in Kentucky and who cannot conveniently and economically return to their home county on election day. The two classes selected by the Legislature appear to be the only large identifiable classes that accomplish the object of this legislation even though they do not do so with mathematical accuracy. That there will be exceptional circumstances in individual cases does not, of course, effect the validity of the basic classifications. In Jones v. Russell, 224 Ky. 390, 6 S.W.2d 460, we stated:

> "Classification must have relation to the purpose of the Legislature. But logical appropriateness of the inclusion or exclusion of objects or persons is not required. * * * At any rate, exact wisdom and nice adaptation of remedies are not required by the Fourteenth Amendment."

In the same opinion it is observed that "so long as constitutional guarantees are observed, the Legislature is unhampered in its discretion in dealing with practical exigencies."

The provisions of KRS, Chapter 126, do not deprive anyone of his right to vote. They do not impinge upon the constitutional guaranty of free and equal elections. They do not violate the constitutional provision against special legislation since, as discussed above, they extend a privilege to two reasonably classified groups properly designated as recipients thereof.

It is our opinion that the classification here challenged is not violative of either our State or Federal Constitution and, therefore, we hold the amendments to KRS, Chapter 126, to be valid.

The judgment is reversed with directions to enter a new judgment upholding the constitutionality of Chapter 120 (House Bill 17), 1962 Acts of General Assembly, amending KRS, Chapter 126, (Absentee Voting).