**Sam L. McDONALD and Andrew Byrd on behalf of themselves and all other persons similarly situated, Plaintiffs,**

**v.**

**BOARD OF ELECTION COMMISSIONERS OF CHICAGO, Sidney T. Holzman, Chairman, Marie H. Suthers, Commissioner, and Francis P. Canary, Commissioner, Defendants.**

**No. 67 C 494.**

United States District Court
N. D. Illinois, E. D.

Dec. 11, 1967.

---

Stanley A. Bass, Chicago, Ill., Civil Legal Aid Service, for plaintiffs.

Stanley T. Kusper, Jr., Chicago, Ill., Board of Election Comrs., for defendants.

Before CASTLE, Circuit Judge, and HOFFMAN and AUSTIN, District Judges.

## OPINION

AUSTIN, District Judge.

This action seeks to enjoin the enforcement of the Illinois Election Code because it is unconstitutional insofar as the absentee ballot provisions thereof and defendants' administration thereunder exclude the plaintiffs and others similarly situated from that class of persons entitled to such ballots because of "physical incapacity" to appear at the polls on any election day. Chapter 46, §§ 19–1, 19–2 and 19–3, Ill.Rev.Stats. It is urged that such exclusion violates the Equal Pro-

tection Clause of the Fourteenth Amendment to the Constitution of the United States because a classification between the voters who are medically incapacitated and voters who are judicially incapacitated, by reason of commitment to jail on election day is arbitrary and an invidious discrimination, and bears no rational or reasonable relation to the salutary purpose of granting absentee ballots to all qualified registered voters who are incapable of being present at the polls on election day.

Plaintiffs and the class they represent are unsentenced inmates confined in the Cook County Jail who cannot appear at the polls either because they are charged with non-bailable offenses or because they have been unable to post the bail imposed by the courts of Illinois. The plaintiff McDonald, who is still awaiting trial, has been charged with the offense of murder and is being held without bail; the plaintiff Byrd, who has since the filing of the complaint been discharged, had been held because of his inability to post the $5,000 bond. Understandably, plaintiffs do not contend that the operation of the bail bond system impinges upon, or results in a constitutional deprivation of, their right to absentee voting privileges.

The named plaintiffs seeking to exercise the voting privilege at an election which was to be held on April 4, 1967, made timely application for absentee ballots on March 29, 1967 because of their physical inability to appear at the polls on election day. Said applications were accompanied by an affidavit of the Warden of Cook County Jail attesting to such inability. These applications were refused by defendants because their "physical incapacity" did not bring them within the class of persons covered by §§ 19–1, 19–2 and 19–3 of the Illinois statute. Defendants assert that to have honored such requests would subject them to possible imprisonment for a term of five years and/or a fine not to exceed $5,000. Chapter 46, §§ 29A–1, 29A–5, Ill.Rev.Stats. The instant complaint was filed on March 29, 1967. On March 30, 1967, on the basis

of McDonald v. Board of Election Commissioners of Chicago, 265 F.Supp. 816 (D.C.Ill., 1967), this court, before a three-judge court was convened, ordered defendants to issue the ballots requested so that they could be cast in the April 4 election. Both parties have filed motions for summary judgment.

Section 19–1 of the Election Code identifies those persons to whom absentee ballots must be given. They are:

"Any qualified elector * * * who expects to be absent from the county in which he is a qualified elector or who because of physical incapacity or the tenets of his religion in the observance of a religious holiday will be unable to be present at the polls on the day of holding any special, general or primary election * * * may vote at such election as hereinafter in this Article provided."

Section 19–2 provides for the time and manner in which such application must be made. The requirement pertinent to our question is as follows:

" * * * any such elector who will be absent because of physical incapacity shall submit with his application the certificate of his duly licensed attending physician or a Christian Science practitioner living and residing in the State of Illinois, * * * to the fact that such elector is so physically incapacitated."

Section 19–3 sets forth the format of the applications and the affidavits which must accompany applications for electors qualifying for absentee ballots.

The classes of persons covered by these sections are: (1) those absent from the county, (2) those physically incapacitated, and (3) those whose observance of a religious holiday prevents attendance at the polls. We are concerned with the category of those who are physically incapacitated.

In resolving the issue before us it is helpful to review some of the legislative developments which underlie the grant of absentee voting. Prior to 1917 the Illinois statutes contained no provision

for absentee voting and Illinois voters were required to be physically present in order to cast their vote on election day. In 1917 the legislature granted to qualified electors the privilege of absentee voting if they expected to be absent from the county because of their business or duties; and in 1944 that restriction was removed and absence from the county for whatever reason entitled an elector to an absentee ballot. All other qualified electors were still required to appear personally at the polls in order to vote. In 1955 the privilege of casting absentee ballots was extended to those who would be unable to be present because of physical incapacity provided such physical incapacity was attested to by an attending licensed physician or Christian Science practitioner. All other qualified voters, not absent from the county or physically incapacitated, were required to appear personally at the polls in order to vote. Again, in 1961 the privilege was extended to include those qualified electors whose tenets of religion in the observance of a religious holiday prevented attendance at the polls.

 It is conceded by the plaintiffs that the privilege of absentee voting is one within the legislative power to grant or withhold. See also Hilliard v. Park, 212 Tenn. 588, 370 S.W.2d 829 (1963); Hallahan v. Mittlebeeler, 373 S.W.2d 726, 727, 97 A.L.R.2d 215 (Ky.Ct.App., 1964). Nevertheless, as plaintiffs state, in the exercise of such power to classify persons to whom such privilege is given, no legislature may enact laws which unreasonably and arbitrarily discriminate between persons and thereby deny the equal protection secured by the Fourteenth Amendment to the federal Constitution. Such classification must be reasonable in the light of the statutory purpose. McLaughlin v. State of Florida, 379 U.S. 184, 191, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964).

 It is necessary at the outset that we determine the class of Illinois voter encompassed within the phrase "physical incapacity" as used in § 19–1 of the Election Code. In construing a statute, it is a familiar rule of construc-

tion that the intention or meaning of a statute is to be determined not from any single portion, part or section thereof. All the material parts of the statute and all of its provisions and sections are to be considered together. It is the intent as deducted from the whole which governs over that of a particular part or parts considered separately. Hilliard v. Park, supra. Sections 19–2 and 19–3, being in *pari materia* with § 19–1, must also be referred to in order to ascertain the intent of the Illinois legislature. Section 19–2 expressly provides that an elector "absent because of physical incapacity shall submit with his application the certificate of his duly licensed attending physician * * * to the fact [of his physical incapacity]." And, § 19–3 delineates the forms which shall be substantially followed. These include forms of affidavits by physicians and Christian Science practitioners attesting to the fact that the voter "will be physically incapable of being present at the polls * * * for the following reasons." No form has been provided for an affidavit of an administrator of a penal institution attesting to the fact that a prisoner "will be physically incapable of being present at the polls * * * for the following reasons." It is also a rule of statutory construction that where a statute enumerates persons affected, it must be construed as excluding from its effect all those not expressly mentioned.

 Section 19–1, together with §§ 19–2 and 19–3 persuade us that the class intended to be covered by the phrase "physical incapacity" includes only those voters who for medical reasons are unable to be present at the polls.

For that reason, with regard to Count II of the complaint, we hold that defendants refusal to accept a certificate from the Warden of the Cook County Jail in which the plaintiffs are incarcerated, in lieu of the certificate required by Section 19–2, is a proper interpretation by the Board of Election Commissioners.

It must next be determined whether such a classification by the Illinois legis-

lature is a reasonable one. We do not have the benefit of any Illinois state court decison on this precise point. Three decisions which considered the reasonableness of absentee voter classifications held the classifications created by the particular state statutes to be reasonable and the laws therefore valid exercises of legislative authority.

In Straughan v. Meyers, 268 Mo. 580, 187 S.W. 1159 (1916), the Supreme Court of Missouri was concerned with a statute which limited the grant of absentee ballots to railroad employees, traveling salesmen, and other persons who because of their duties or occupations would be absent from their voting precincts on election day. The privilege of absentee voting was not extended to other electors. In upholding the constitutionality of the limited grant, the court held that because the provision applied alike to all persons who by reason of their business duties were unavoidably absent from the county, it did not come within the purview of prohibited class legislation.

In Lemons v. Noller, 144 Kan. 813, 63 P.2d 177 (1936) the Supreme Court of Kansas considered and rejected numerous arguments contesting the validity of a statutory provision which granted the privilege of absentee voting to voters absent from the state. Under the Kansas Election Code, a voter who was physically disabled and in the state on election day could not obtain an absentee ballot. However, if the voter were absent from the state he could obtain an absentee ballot, whether or not he was physically disabled. Therefore, one of the arguments made was that the classification of absentee voters was unreasonable because voters who are physically disabled and absent from the state on election day could vote by virtue of the fact that they are absent from the state, while voters who are physically disabled and in the state on election day could not vote. The court rejected this argument and

held the law constitutional for the reason that such classification was not unreasonable even though it conferred political rights on some to the exclusion of others.

In Hallahan v. Mittlebeeler, 373 S.W. 2d 726 (1963) the Court of Appeals of Kentucky interpreted a provision of the state Constitution providing "any person absent from the county of his legal residence, or from the state, may be permitted to vote in a manner provided by law" together with a subsequently enacted statute defining an absentee voter as

"* * * any qualified voter in the United States services, or bona fide, full time student in residence at an educational institution, who expects to be absent from the county * * *."

It was argued that when the legislature grants the privilege of absentee voting it must be extended to every qualified voter who is absent from the county of his residence on election day. The Kentucky court determined that the statute did not violate either the federal or state Constitutions, did not deprive any one of his right to vote, did not impinge upon constitutional guarantees of free and equal elections, and did not constitute special legislation merely because the privilege was extended to only two reasonably qualified groups properly designated as recipients thereof.

We hold that the provisions of the Illinois Election Code which extend absentee voting privileges to those persons who are physically incapacitated because of medical reasons from appearing at the polls to be a proper and reasonable legislative classification not violative of the Equal Protection Clause of the Fourteenth Amendment.

An order this day has been entered denying plaintiffs' motion for summary judgment, granting defendants' motion for summary judgment, and dismissing the complaint.