Felix OLIVER, M.D., Appellant,

v.

KENTUCKY BOARD OF MEDICAL LICENSURE, Appellee.

No. 93–CA–2105–MR.

Court of Appeals of Kentucky.

May 19, 1995.

---

J. Fox DeMoisey, Louisville, for appellant.

Wes Faulkner, Louisville, for appellee.

Before COMBS, DYCHE and HUDDLESTON, JJ.

## OPINION

DYCHE, Judge.

Felix Oliver, M.D., appeals from an opinion and order of the Jefferson Circuit Court entered March 5, 1993, affirming in part, reversing in part and remanding an "Order of Probation; Restriction" dated November 19, 1992, and entered December 1, 1992, by the Kentucky Board of Medical Licensure [hereinafter "the Board"] which restricts Dr. Oliver's license to practice medicine as a condition of probation. Specifically, Dr. Oliver, a radiologist, appeals that portion of the "Order of Probation; Restriction" still in effect which states he is not to prescribe, dispense or otherwise professionally utilize any controlled substances; nor can he prescribe any medication for himself or any family member. Dr. Oliver is so restricted for a period up to and including June 1, 1997.

The relevant facts are as follows. The July 30, 1991, complaint against Dr. Oliver which initiated this action states in pertinent part:

2. That Respondent, a radiologist, has prescribed/dispensed/administered, or otherwise obtained controlled substances for his personal use and/or for the use of his immediate family when he knew, or had reason to know, that an abuse of controlled substances was occurring, or may result from such a practice.

3. Accordingly, sufficient grounds exist for discipline to be taken against the license to practice medicine in the Commonwealth of Kentucky held by Respondent, in that the conduct delineated above in Paragraph No. Two (2) constitutes dishonorable, unethical and unprofessional conduct in violation of KRS 311.595(8). Specifically, Respondent's conduct constitutes a series of acts committed during the course of his medical practice which, under the attendant circumstances, is deemed to be gross incompetence, gross ignorance, gross negligence or malpractice in violation of KRS 311.597(3). Additionally, Respondent's conduct is calculated or has the effect of bringing the medical profession into disrepute as his conduct failed to conform to the principles of medical ethics and was a departure from and a failure to conform to the standards of acceptable and prevailing medical practice within the Commonwealth of Kentucky in violation of KRS 311.597(4).

An order of temporary suspension was issued by the Board pursuant to KRS 311.592 on July 30, 1991. On March 10, 1992, the Honorable Martin Glazer, Hearing Officer, issued a finding which supported the contention that Dr. Oliver prescribed controlled substances for his personal use, when he knew that an abuse of controlled substances was occurring. The Hearing Officer concluded there were sufficient grounds for the Board to take disciplinary action against Dr. Oliver since his conduct constituted dishonorable, unethical and unprofessional conduct in violation of KRS 311.595(8), and that his conduct further violated KRS 311.597(3) and KRS 311.597(4).

On June 1, 1992, appellee suspended Dr. Oliver's license to practice medicine for an indefinite period of time based on the Hearing Officer's findings of fact and conclusions of law. That order of the Board was subsequently held by the Jefferson Circuit Court not to be in compliance with KRS 311.595 since the suspension was for an indefinite period of time, and KRS 311.595 only authorizes a license suspension up to five (5) years.

The June 1, 1992, order was superseded by the Board's order entered December 1, 1992, which returned Dr. Oliver's license to practice, but restricted same as aforementioned for a probationary period up to and including June 1, 1997. On appeal, the Jefferson Circuit Court upheld that portion of the Board's December 1, 1992, order; that ruling is now the subject of this appeal.

Appellant now raises three contentions of error. First, he contends that the Board abused its discretion, in that the action taken was based on a record devoid of any evidence that either Dr. Oliver, or any member of his family, had abused any medication. Second-

ly, appellant argues the action of the Board is beyond its legislatively delegated authority. Finally, he complains that the Board violated statutory and administrative procedure for disciplinary action.

Judicial review of an administrative agency's action is concerned with the question of arbitrariness. *American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission*, Ky.App., 379 S.W.2d 450, 456 (1964). The Constitution prohibits the exercise of arbitrary power by an administrative agency. In determining whether an agency's action was arbitrary, the reviewing court should look at three primary factors. The court should first determine whether the agency acted within the constraints of its statutory powers or whether it exceeded them. *American Beauty Homes Corporation, supra.* Second, the court should examine the agency's procedures to see if a party to be affected by an administrative order was afforded his procedural due process. The individual must have been given an opportunity to be heard. Finally, the reviewing court must determine whether the agency's action is supported by substantial evidence. *American Beauty Homes Corporation, supra.* If any of these three tests are failed, the reviewing court may find that the agency's action was arbitrary.

*Commonwealth of Kentucky Transportation Cabinet v. Cornell,* Ky.App., 796 S.W.2d 591, 594 (1990). We will briefly address appellant's arguments in the order suggested in *Cornell, supra.*

■ We find merit in appellant's initial argument that the "stacking of disciplinary time" exceeds the statutory powers of appellee. KRS 311.595, prior to the July 15, 1994, amendment, read in pertinent part:

**Causes for denial, probation, suspension or revocation of licenses and permits.**—Where such power has not been transferred by statute to some other board, commission or agency of this state, the board may deny an application for a license; place a licensee on probation for a period not to exceed five (5) years; suspend a license for a period not to exceed

five (5) years; limit or restrict a license for an indefinite period; or revoke any license heretofore or hereafter issued by the board, upon proof that the licensee has:

. . . .

(8) Engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud or harm the public or any member thereof.

In the case *sub judice,* appellant's license was not only suspended from July 30, 1991, to December 1, 1992; but then the licensee was placed on probation on December 1, 1992, until June 1, 1997, and his license restricted to the extent he cannot prescribe, dispense or otherwise professionally utilize any controlled substances, nor can he prescribe any medication for himself or any family member, during that probationary period. Appellee's total disciplinary action against appellant amounts to 16 months' suspension and 54 months' (4 and 1/2 years') conditional probation. Based on the plain language of the statute, we believe the legislature did not intend to allow such piling on and therefore conclude the Board has exceeded its statutory powers. Clearly, suspensions and probations are not to exceed five (5) years. Accordingly, appellant's suspension/conditional probation must end five (5) years from July 30, 1991, which is July 30, 1996.

■ We find no merit to appellant's second contention: that he was not afforded procedural due process. The one error that did occur concerning two conditions of probation relating to counseling and drug testing resulted in those issues being remanded by the Jefferson Circuit Court to the Board for a hearing. On remand, the Board dropped those conditions of Oliver's probation by order entered August 30, 1993. As for that portion of the Board's December 1, 1992, order which remained in effect and was affirmed by the Jefferson Circuit Court, and is now the subject of this appeal, we find no procedural due process error. The record reflects Dr. Oliver was given timely notice of the hearing and was given an opportunity to present his case at that time. Appellant's due process rights were not violated.

Finally, despite appellant's contention to the contrary, and having thoroughly reviewed the record herein, it is our opinion that there is substantial evidence of probative value to support appellee's disciplinary action against Dr. Oliver for violation for KRS 311.595(8). Suffice it to say, the Jefferson Circuit Court was correct in its conclusion.

Accordingly, the opinion and order of the Jefferson Circuit Court is affirmed in part, reversed in part and remanded thereto for further proceedings consistent with this opinion.

All concur.