RENDERED: JUNE 2, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0408-MR

DENIS A. YALKUT, M.D.                            APPELLANT

v.             APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE A. C. MCKAY CHAUVIN, JUDGE
ACTION NO. 20-CI-002655

KENTUCKY BOARD OF MEDICAL                    APPELLEE
LICENSURE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE AND LAMBERT,
JUDGES.

THOMPSON, CHIEF JUDGE: Denis A. Yalkut, M.D. ("Appellant"), appeals

from an opinion and order of the Jefferson Circuit Court denying his motion to

declare Kentucky Revised Statutes ("KRS") 311.595(21) illegal and

unconstitutional. The statute grants to the Kentucky Board of Medical Licensure

("the Board") the authority to limit, restrict, or suspend a license to practice

medicine. Appellant argues that KRS 311.595(21) is illegal in its application; that

it is unconstitutional; and, that the circuit court's opinion and order are not supported by substantial evidence. After careful review, we find no error and affirm the opinion and order on appeal.

## FACTS AND PROCEDURAL HISTORY

Appellant is a medical doctor licensed to practice in the Commonwealth. On July 1, 2014, the Medical Staff Executive Committee of Baptist Health Richmond ("Baptist Health") recommended denying Appellant's application for reappointment to the medical staff with clinical privileges. This recommendation was based on a finding that Appellant engaged in unprofessional conduct and professional incompetence including 1) conducting operations lasting longer than normal with higher levels of blood loss; 2) conducting surgery without the required privileges; 3) performing procedures without the patient's informed consent; 4) prescribing drugs to which the patient was allergic, and responding rudely when informed of the issue; 5) repeatedly disrupting the operating room's schedule; 6) refusing to change into clean scrubs before entering the operating room; 7) having ongoing problems with documentation and legibility, which did not improve after counseling; and, 8) engaging in rude behavior to staff and patients. Based on its findings, the governing body of Baptist Health approved the recommendation not to renew Appellant's hospital privileges.

In March 2015, Appellant submitted an application to the Board to renew his license pursuant KRS Chapter 311. In April 2017, the Board opened an investigation relating information it received regarding the 2014 denial of Appellant's privileges at Baptist Health. Based on this information, and Appellant's acknowledgement that he lost his privileges at Baptist Health, the Board's Inquiry Panel issued a complaint against Appellant's license. Appellant filed an answer to the complaint on May 22, 2017, and while acknowledging the loss of privileges, argued that it was not based on numerous incidents of incompetence and unprofessional conduct.

The matter proceeded before a hearing officer, and was held in abeyance pending the outcome of *Strauss v. Kentucky Board of Medical Licensure*, No. 2015-CA-000700-MR, 2017 WL 2209952, (Ky. App. May 12, 2017), and Appellant's suit against the hospital. The Kentucky Supreme Court ultimately held in *Strauss*[1] that the Board was not required to review the proceedings in their entirety before issuing a final order, and that the hearing officer was not required to recommend a specific penalty. Appellant's civil action against the hospital was settled.

The Board moved for a summary disposition of its complaint based on the record. After conducting a hearing, the hearing officer determined that

---

[1] *Kentucky Board of Medical Licensure v. Strauss*, 558 S.W.3d 443 (Ky. 2018).

Appellant violated KRS 311.595(21). The matter then went before the Board's

Hearing Panel B, which reviewed the complaint; the hearing officer's findings of

fact, conclusions of law, and recommended order; the Board's exceptions; and, the

Board's memorandum. Hearing Panel B then rendered a final order finding that

Appellant violated KRS 311.595(21). It imposed no discipline upon Appellant's

license to practice medicine, however, upon determining that discipline was

unnecessary under the circumstances.

On April 23, 2020, Appellant filed a Petition for Judicial Review in

Jefferson Circuit Court seeking reversal of the Board's final order. After taking

proof, the circuit court rendered an opinion and order on March 12, 2022,

affirming the Board's final order. In support of the opinion and order, the circuit

court found that Appellant received due process, and that the Board's findings

were supported by substantial evidence. This appeal followed.

## STANDARDS OF REVIEW

The standard of review for an administrative adjudicatory decision is

whether the decision is clearly erroneous. *Stallins v. City of Madisonville*, 707

S.W.2d 349, 351 (Ky. App. 1986). A decision is clearly erroneous if it is not

supported by substantial evidence. *Id.*

> Substantial evidence is defined as evidence, taken alone
> or in light of all the evidence, that has sufficient
> probative value to induce conviction in the minds of
> reasonable people. If there is substantial evidence to

support the agency's findings, a court must defer to that finding even though there is evidence to the contrary. A court may not substitute its opinion as to the credibility of the witnesses, the weight given the evidence, or the inferences to be drawn from the evidence. A court's function in administrative matters is one of review, not reinterpretation.

*Thompson v. Kentucky Unemployment Ins. Comm'n*, 85 S.W.3d 621, 624 (Ky. App. 2002) (footnotes and citations omitted).

We apply a *de novo* standard of review when reviewing the constitutionality of a statute. *Teco/Perry County Coal v. Feltner*, 582 S.W.3d 42, 45 (Ky. 2019) (citation omitted). "In considering an attack on the constitutionality of legislation, this Court has continually resolved any doubt in favor of constitutionality rather than unconstitutionality." *Hallahan v. Mittlebeeler*, 373 S.W.2d 726, 727 (Ky. 1963) (citing *Reynolds Metal Co. v. Martin*, 269 Ky. 378, 107 S.W.2d 251, 253 (1937)).

## ARGUMENTS AND ANALYSIS

Appellant first argues that the circuit court erred in failing to conclude that KRS 311.595(21) is illegal and unconstitutional. This statute empowers the Board to limit, restrict, or deny a license to practice medicine in the Commonwealth based on prior disciplinary action having been taken against the applicant by a licensed hospital. Appellant asserts that by including prior hospital disciplinary action in the Board's analysis, KRS 311.595(21) improperly deputizes

-5-

private entities and individuals – *i.e.*, hospitals and hospital staff – to perform a critical part of the adjudicatory process assigned by statute to the Board.

Appellant also directs our attention to KRS 13B.090, which sets out the procedural rights to be exercised in the administrative process. He argues that because private hospitals are not subject to these procedurals safeguards, the Board's consideration of hospital proceedings in its application of KRS 311.595(21) runs afoul of his constitutional rights. The focus of Appellant's constitutional claim is that the Legislature cannot prescribe the due process necessary to discipline a physician's medical licensure by requiring compliance with KRS Chapter 13B, while at the same time authorizing the consideration of a private hospital's disciplinary proceeding where there were no procedural due process safeguards.

Lastly, Appellant argues that the opinion and order on appeal was not supported by substantial evidence of record. He seeks an opinion 1) finding KRS 311.595(21) is unconstitutional; 2) finding that KRS 13B.090(7) requires the Board to name the penalty that it is seeking, and to provide evidence to support the penalty being sought; and, 3) vacating the opinion and order on appeal.

KRS 311.595 states,

> If the power has not been transferred by statute to some
> other board, commission, or agency of this state, the
> board may deny an application or reregistration for a
> license; place a licensee on probation for a period not to

exceed five (5) years; suspend a license for a period not to exceed five (5) years; limit or restrict a license for an indefinite period; or revoke any license heretofore or hereafter issued by the board, upon proof that the licensee has: . . .

> (21) Been disciplined by a licensed hospital or medical staff of the hospital, including removal, suspension, limitation of hospital privileges, failing to renew privileges for cause, resignation of privileges under pressure or investigation, or other disciplinary action if the action was based upon what the hospital or medical staff found to be unprofessional conduct, professional incompetence, malpractice, or a violation of any provisions of KRS Chapter 311.  This subsection shall not require relitigation of the disciplinary action[.]

The focus of Appellant's argument is his contention that the Board's application of KRS 311.595(21) denied him the due process to which he was entitled under KRS 13B.090, thus rendering KRS 311.595(21) illegal and unconstitutional.

> [U]nlike some legal rules, [due process] is not a technical conception with a fixed content unrelated to time, place and circumstances.  Because of its amorphous nature, due process must be applied flexibly as the particular situation demands.

> In . . . *Mullane v. Central Hanover Bank & Trust Co.*, [339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950),] the United States Supreme Court said courts must assess due process by determining whether notice [is] reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

*Farmers National Bank v. Commonwealth Department of Revenue*, 486 S.W.3d 872, 884 (Ky. App. 2015) (internal quotation marks and citations omitted).

After closely examining the record and the law, we conclude that KRS 311.595(21) is reasonably calculated to apprise interested parties of the pendency of the action and to afford them the opportunity to present their objections. In the matter *sub judice*, Appellant was apprised of the Board's action and was afforded an opportunity to present his objections to the Board. Nothing in the record supports the claim that Appellant was denied the due process to which he was entitled. Further, we find no basis for imposing on Baptist Health the due process procedures required of the Board. By its clear language, KRS 13B.090 applies broadly to administrative hearings, and KRS 311.595(21) applies specifically to the Board in its consideration of medical licensure. Baptist Health is bound by neither statute; therefore, we are not persuaded by Appellant's argument that KRS 311.595(21) improperly deputized Baptist Health to perform a critical part of the adjudicatory process assigned by statute to the Board. Finally, the Board performed its own investigation and had an administrative hearing into Baptist Health's refusal to extend Appellant's privileges. Appellant received appropriate due process.

A physician's due process rights are not violated where he is given timely notice of a hearing and an opportunity to present his case concerning restrictions on his license. *Oliver v. Kentucky Bd. of Medical Licensure*, 898 S.W.2d 531, 533 (Ky. App. 1995). Appellant received due process per KRS 13B.090 and KRS 311.595(21). And per *Hallahan*, *supra*, we must resolve any doubt in favor of constitutionality rather than unconstitutionality. We find no error.

Appellant also argues that the opinion and order on appeal are not supported by substantial evidence. We disagree. Per KRS 311.595(21), the Board may deny the reregistration, or suspend, restrict, or revoke a medical license where proof is found that a licensed hospital disciplined the applicant. It is uncontroverted that Baptist Health disciplined Appellant by revoking his privilege to practice medicine at the hospital. The evidence of Baptist Health's disciplinary action has sufficient probative value to induce conviction in the minds of reasonable people. *Thompson*, *supra*. Because substantial evidence exists to support the Board's findings, the circuit court was bound to defer to that finding even if evidence to the contrary existed. *Id.* The circuit court properly determined that substantial evidence existed to support the Board's finding, and we find no error.

## CONCLUSION

-9-

Having examined Appellant's argument *de novo* per *Teco/Perry County Coal*, *supra*, we conclude that KRS 311.595(21) is constitutional. We also believe that the Board's findings were supported by substantial evidence, and the circuit court properly so concluded. For these reasons, we affirm the opinion and order of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Fox DeMoisey
Prospect, Kentucky

BRIEF FOR APPELLEE:

Nicole A. King
Louisville, Kentucky