## Somsen v. Sanitation Dist. No. 1 Of Jefferson County et al.

November 12, 1946.

Woodward, Dawson, Hobson & Fulton for appellant.

Franklin P. Hays for appellees.

Opinion of the Court by Judge Siler—Affirming.

This was an action by a taxpayer, John H. Somsen, appellant, against a corporate body known as Sanitation District No. 1 of Jefferson County, Kentucky, and its directors, all appellees, under the Declaratory Judgment Law, seeking a judicial declaration as to the constitutionality of Chapter 220, KRS, also as to appellees' right to proceed with their functions under the same chapter, also seeking an injunction to prevent appellees from issuing sewerage system bonds in the amount of $2,000,000, or any other amount, within the provisions of the same chapter.

The chancellor sustained a general demurrer to appellant's petition, adjudged that Chapter 220, KRS, was valid and that appellees had a legal right to issue the proposed bonds to the amount of $2,000,000. From that judgment against him, the appellant taxpayer now prosecutes this appeal.

The legal righteousness of every part of the chancellor's judgment appears to hang entirely upon the question of whether or not Chapter 220, KRS, relating to sanitation districts is constitutional.

Appellant offers two arguments against the constitutionality of this law. He says that (1) this law permits the taking of private property without due process, specifically without actual notice to the property owner,

and that (2) this law is a form of local or special legislation.

1. It is true that this law gives the appellees, when duly organized, the right to assess a nominal tax upon property within their district. Therefore, this law does provide, in a way which is nominal but nevertheless real, for the taking of private property to serve the purposes of sanitation in the district. It is also true that in the organizing process of the appellee district there is a theoretical 10% of the property owners who may not know just what is happening to themselves and their property except by what they may learn of these proceedings through reading one or the other of two consecutive notices published in regular editions of some newspaper of general circulation in the sanitation district. This is, of course, not actual notice. It is constructive notice. This law further provides that any property owner of this theoretical 10% group, which had no part in starting the corporate proceedings to organize a sanitation district, may, within 60 days of the giving of the constructive notice, make his objections against the entire proceedings by filing his petition in the circuit court of the sanitation district. Thus, the property owner has the right, under this law, to be heard and to sound off with all his objections after he has read his newspaper and thereby received his notice of the involvement of his property.

It has been declared that the opportunity to be heard is an essential requisite of that thing known as "due process of law" in judicial proceedings. Postal Telegraph Cable Co. v. City of Newport, 247 U. S. 464, 38 S. Ct. 566, 62 L. Ed. 1215. Measured by this declaration, the appellant had his "due process" because he had a right to be heard, provided of course that the notice, constructively given to him, is deemed sufficient in law to direct his attention to the occurrences at hand. This court has said that "due process" is always had when a party has sufficient notice and opportunity to make his defense. Louisville & N. R. Co. v. Greenbrier Distillery Co., 170 Ky. 775, 187 S. W. 296. A constructive notice, such as that given by newspaper publication, has been held to meet the requirements of "due process" and of legal sufficiency in several cases of some similarity to the instant case. See Handley v. Graham, 187 Ky. 316, 219 S. W. 417; Hoertz v. Jefferson South-

ern Pond Draining Co., 119 Ky. 824, 84 S. W. 1141; Ryan v. Commissioners of Water District, 220 Ky. 822, 295 S. W. 1023; Anderson National Bank v. Luckett, 321 U. S. 233, 64 S. Ct. 599, 88 L. Ed 692, 151 A. L. R. 824.

And so we now hold that this Sanitation District Law, Chapter 220, KRS, is not unconstitutional upon the argued theory that it deprives appellant and others of their property without due process of law. They have, under this law, a right to be heard. They receive, under this law, notice of all the proposed proceedings involving their property. This notice is constructive, yet legally sufficient to focus their attention upon the business at hand, that is the plan to make all property in the sanitation district help bear the burden of the proposed improvement.

2. Appellant also argues that this law is local or special legislation and therefore contrary to Sections 59 and 60 of the Kentucky Constitution. He advances this theory upon the basis that this law clearly states that it is intended to apply to counties having cities of the first, second or third class. This means, by implication, that counties having cities of the fourth, fifth and sixth class were left out and ignored by the legislative body in the making of this law. However, the inclusion of counties containing cities of the first three classes and the exclusion, by implication, of counties containing cities of only the last three classifications would not appear to be unreasonable nor arbitrary legislative whims. Everyone understands that these larger cities of the first three groups naturally and constantly accumulate congested areas of population in and about their gateways. These population areas are *of* the cities yet not *in* the cities. They have sanitation and sewerage problems that must be solved for the benefit of the health of themselves as well as that of the dwellers in the cities proper. The smaller cities too have outlying areas of population, but there the congestions are less pronounced and the sanitation problems are relatively less serious. The suburban dweller of a smaller city is certainly in existence, but he has, generally speaking, a half acre or so of ground around him to counteract the meagerness of sanitation facilities.

We have long since held that a legislative enactment is not necessarily local nor repugnant to Section 59 of our Kentucky Constitution because such enactment

applies to only one class or group of subjects, provided that the classification thus made is not unreasonable nor arbitrary. Smith v. Board of Trustees, 171 Ky. 39, 186 S. W. 927. It appears to us that a legislative distinction between areas having the first three classes of cities and areas not having such cities is entirely reasonable, not arbitrary nor illogical. It is, in this instance, based upon actual differences of existing conditions. Accordingly, we now hold that the Sanitation District Law is not unconstitutional as class legislation or special legislation.

Wherefore, seeing no error in the chancellor's judgment, the same is now hereby affirmed in its entirety.

Judge Dawson not sitting.