**Ruth OWENS et al., Appellants,**

v.

**C. E. CLEMONS, Appellee.**

Court of Appeals of Kentucky.

Oct. 21, 1966.

As Modified on Denial of Rehearing
Dec. 16, 1966.

Charles T. Walters, Winchester, for appellant.

Beverly White, White, McCann & Stewart, Winchester, for appellee.

CLAY, Commissioner.

Appellant plaintiffs, employed by appellee as waitresses, filed this suit to recover wages due under a mandatory wage order issued by the Commissioner of Labor, effective October 1, 1962. The trial court allowed plaintiffs the difference between the lower wages paid and the minimum prescribed, but credited the appellee employer with (1) the value of meals eaten at appellee's establishment, (2) the time consumed in eating those meals, and (3) vacation pay.

The court declined to allow plaintiffs a reasonable attorney's fee. They and their attorney appeal.

Under the employment arrangement entered into prior to the effective date of the minimum wage order, appellee furnished certain meals to his employees without making a charge therefor. In this proceeding the parties stipulated the value of the meals. The trial court was of the opinion that since they constituted a part of the employees' compensation, their value should be added to the actual wages paid in determining the extent of underpayment.

The employees contend this is an obvious violation of the wage order, which provides in part in paragraph 14 the following:

"No employer shall make deductions for meals and/or lodging against the minimum wage due employees. The employer and employee may voluntarily reach an agreement as to the consumption of meals and/or lodging by an employee and the price of same, but in no case shall the employee be charged more than the amounts stipulated by Administrative Regulations as filed with the Legislative Research Commission."

It seems clear the objective of the first sentence is to fix a legal obligation on the employer to pay at least the minimum wage in dollars. Thus when the minimum wage prescribed is 70 cents an hour (as in this case), the order would be violated if the employer undertook to pay 60 cents an hour and furnish meals free. On the other hand, paragraph 14 recognizes the validity of a specific agreement between the employer and the employee whereby the employee obligates himself to pay a fixed price for meals taken. In practical application this would authorize the employer to offset the wages due by the amount owed for meals.

A valid agreement under this section of the order must necessarily create an indebtedness to the employer based upon a fixed price for meals furnished. While admittedly the meals given the employees in this case constituted a form of compensation to them there was no *agreement* establishing either their price (or value) or creating an obligation to pay for them.[1] The judgment, in giving the employer credit for meals consumed by his employees, in effect deducted the value of the meals from the minimum wage he was obligated to pay. This was exactly what paragraph 14 of the Minimum Wage Order expressly prohibited, and the judgment was erroneous in this respect.

Since the employees in their brief present no substantial reason why the time taken to eat meals should not be deducted from their working time, or why the vacation pay should not be credited to the employer, we consider these grounds for reversal abandoned.

The final contention is that the court should have allowed plaintiffs a reasonable attorney's fee. This is specifically required by KRS 337.360, which provides in part:

"If any woman or minor worker is paid by his employer less than the minimum fair wage to which he is entitled under a mandatory minimum fair-wage order he may recover in a civil action the full amount of the minimum wage less any amount actually paid to him by the employer together with costs *and such reasonable attorney's fees as are allowed by the court*." (Emphasis added)

This statute was upheld as constitutional in W. W. Mac Co. v. Teague, 297 Ky. 475,

---

1. Another section of the Wage Order (paragraph 1 of LAB 40) supplements paragraph 14, above quoted, by requiring a *written* agreement for room and/or board, and further requires approval of the Department of Labor.

180 S.W.2d 387, 389, upon the following ground:

"The general assembly, as have those of many other states, has seen fit to make a special class of women and minor employees and to enact legislation in their behalf. The provisions of the statute apply to all workers so classified. That the general assembly was justified in prescribing special working conditions and protective provisions for this class of workers seems beyond question. We believe, therefore, for the reasons given, that the attack upon the constitutionality of the provisions of the act allowing an attorney's fee in the case is without foundation".

■ In spite of this specific decision on the point, the employer contends the statute violates the *public policy* of this state. This is a rather unusual argument in view of the fact that the legislature, when it acts upon a particular subject matter, establishes such policy. It is true the courts may, in the absence of legislative decree, adopt and apply public policy principles. Such was done in Cloud v. Hug, Ky., 281 S.W.2d 911, where no statute was involved.

■ It is beyond the province of a court to vitiate an act of the legislature on the ground that the public policy therein promulgated is contrary to what the court considers to be in the public interest. It is the prerogative of the legislature to declare what acts constitute a violation of public policy and the consequences of such violation. Re Peterson's Estate, 230 Minn. 478, 42 N.W.2d 59, 18 A.L.R.2d 910. The propriety, wisdom and expediency of statutory enactments are exclusively legislative matters. Hallahan v. Mittlebeeler, Ky., 373 S.W.2d 726, 97 A.L.R.2d 215. As so aptly stated in Collison v. State ex rel. Green, 9 W. W. Harr., Del., 460, 2 A.2d 97, 108, 119 A.L.R. 1422, 1437:

" * * * it is the province of the legislature and not of the courts to pass upon matters of policy. The legislative hand is free except as the constitution restrains; and courts are bound by a most solemn sense of responsibility to sustain the legislative will in the appropriate field of its exercise, even though in the opinion of the judges as individuals the legislature had acted in an unwise manner."

■ We cannot declare KRS 337.360 void on the ground asserted.

We could so act only if it violated a constitutional provision, as we found in Burns v. Shepherd, Ky., 264 S.W.2d 685. The statute involved required the employer to pay one-half of the claimant's attorney's fee when an award was made by the Workmen's Compensation Board. It was held to violate the due process clause of the federal Constitution and section 2 of the Kentucky Constitution (relating to the exercise of arbitrary power). The basis for the decision appears in these words (page 687 of 264 S.W.2d):

"Throughout all of the cases is the fundamental principle that the imposition of the fees is justified solely on the ground that the person responsible for their payment has brought about the situation through which the fees are incurred by the willful violation of some statutory or contractual obligation. In the statute under consideration, no distinction is made between the just and the unjust. It applies with equal force to the employer who, without reasonable basis for his position, is trying to escape his statutory responsibility, and the employer who is neither seeking to avoid or delay payment of a valid claim asserted by the employee."

The broad statement in that opinion that the *sole* justification for the imposition of fees is the *willful* violation of a statutory obligation is inaccurate. The cases recognize other grounds. As shown in the language above quoted from the Teague case (297 Ky. 475, 180 S.W.2d 387), such a penalty (if properly it may be so characteriz-

ed) can be justified as a protective measure for a certain class of workers. In Chicago & N. W. R. Co. v. Nye Schneider Fowler Co., 260 U.S. 35, 43 S.Ct. 55, 67 L.Ed. 115, the basis for upholding a statute allowing an attorney's fee to those asserting property damage claims against railroad companies was that such a law stimulated the seasonable consideration and prompt payment of such claims.

No one seems to have questioned the authority of the legislature to require the husband to pay the wife's costs which includes attorneys' fees, under certain circumstances. KRS 453.120. Similarly, an attorney's fee is allowed to the successful party under KRS 453.060. The obligation to pay these attorneys' fees is certainly not a penalty for willful violation of a statutory or contractual obligation.

There are other social purposes served by allowing the successful claimant to recover an attorney's fee in this type of case. It is common knowledge that the workers in this class do not occupy a high position on the wage scale. Their claims, if any, would ordinarily involve relatively small sums. The cost of litigation might well exceed the amount of the claim. On the other hand, there could be no dispute about the applicable minimum wage rate. The necessity for uniform compliance may well justify this stimulus, whether wise or unwise. We cannot say, as was said in the Burns case, that KRS 337.360 is so lacking in justification as to constitute an arbitrary exercise of legislative power or to deprive the employer of his property without due process of law.

Considering the nature of the claims and the class of workers involved, it is possible to distinguish between the Workmen's Compensation Law and the statute involved as it relates to women and minors affected by the Minimum Wage Regulation, and on this ground we could declare the Burns case inapplicable. Since, however, the public policy exemplified under both laws is basically the same, we now have some question

concerning the soundness of the Burns decision. In any event, we are constrained to reaffirm the correctness of the Teague decision which held this statute constitutional.

The employer contends that since the fixing of the attorney's fee is left to the discretion of the trial judge, he could properly award no fee because the amounts recovered by the employees were small. We cannot accept such an argument. If it had any semblance of validity in view of recoveries allowed in the appealed judgment, it cannot now prevail because our present decision will result in the recovery of substantially increased amounts. The appellants are entitled to an allowance of a reasonable attorney's fee.

The judgment is reversed, with directions to enter a new judgment consistent with this opinion.

MONTGOMERY, J., dissenting.

STEWART, J., not sitting.