LEECO, INC., Appellant,

v.

Hardie M. CALDWELL; Ronald W. May, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 95–CA–000479–WC.

Court of Appeals of Kentucky.

March 8, 1996.

Timothy Joe Walker (briefed), London, for Appellant.

Johnnie L. Turner (briefed), Harlan, for Appellee, Hardie M. Caldwell.

Before LESTER, C.J., and JOHNSTONE and SCHRODER, JJ.

LESTER, Chief Judge.

This is a petition for review of an opinion of the Workers' Compensation Board affirming the opinion and award of the Administrative Law Judge. The petition deals with the following questions of law: (1) whether KRS 342.732(1)(a) concerning awards of Retraining Incentive Benefits (RIB) is constitutional under Section 2 of the Kentucky Constitution in that it denies the employer the right to due process by imposing consequences so unjust as to work a hardship and under Section 59 of the Kentucky Constitution in that it amounts to special legislation, and (2) whether this case is governed by the amended version of KRS 342.732(1)(a), effective April 4, 1994.

In reaching our decision that the RIB statute is constitutional, we borrow generously from the Supreme Court's opinion in *Kentucky Harlan Coal Company v. Holmes*, Ky., 872 S.W.2d 446 (1994), which declared KRS 342.732(1)(d) constitutional.

The *Holmes* Court rejected the notion that KRS 342.732(1)(d) violates due process under Section 2 of the Kentucky Con-

stitution by imposing unjust or irrational consequences. The statute involves the regulation of economic matters, therefore, it must be rationally related to a legitimate governmental objective to pass due process muster. "The constitutionality of a statute will be upheld if its classification is not arbitrary, or if it is founded upon any substantial distinction suggesting the necessity or propriety of such legislation." *Holmes, supra,* at 455. We believe the Supreme Court's holding in *Holmes, supra,* speaks not only to KRS 342.732(1)(d), but also to (1)(a) and the other two subsections:

> Decidedly, KRS 342.732 and the classifications created therein are rationally related to a legitimate state objective, affording protection to all of Kentucky industry, (and hence, the employment/jobs of Kentucky workers) from an economic drain caused by Special Fund assessments for compensation claims directly related to the coal industry, and particularly those due to high incidence of coal workers' pneumoconiosis. As the problem the legislature sought to solve was attributable to the coal industry, the solution therefor need deal only with workers of that industry. Said otherwise, the classification of coal workers with pneumoconiosis was founded on a substantial distinction that was necessary in view of the legislative history.

*Id.*

■■■ KRS 342.732, including subsection (1)(a), furthers the goals of lessening the economic drain on the Special Fund caused by claims due to coal mine employment, reducing workers' compensation payments, and providing an alternative to total disability. The purpose of KRS 342.732(1)(a), specifically, is to retrain workers for other jobs so as to diminish the likelihood of their becoming totally disabled by coal miners' pneumoconiosis later on. We need not address the efficiency with which the RIB statute accomplished these goals. Therefore, we find that KRS 342.732(1)(a) does not violate the employer's right to due process under Section 2 of our Kentucky Constitution.

■■ The appellant's argument that KRS 342.732(1)(a) amounts to special legislation in violation of Section 59 of the Kentucky Con-

stitution is also without merit. The legislature's purpose for enacting KRS 342.732(1)(a) was to encourage coal workers who have contracted occupational pneumoconiosis but who have not as yet sustained a significant respiratory impairment to leave the industry before they become disabled. The means by which the legislature sought to accomplish that objective was by providing for RIB. *See Thornsbury v. Aero Energy,* Ky., 908 S.W.2d 109 (1995).

■■ As explained in *Holmes, supra,* the classification set forth in KRS 342.732 applies equally to all in the class and the legislature had distinct and natural reasons for separately classifying coal workers as well as for employing the subclassifications set forth within KRS 342.732, including that set forth in subsection (1)(a). *Id.* at 455. By providing a benefit which is aimed at encouraging coal workers who have contracted pneumoconiosis to leave the mining industry before they become disabled, the pre–1994 version of KRS 342.732(1)(a), like the other subsections of the statute, is rationally related to the legitimate governmental objectives which were recognized by the Court in *Holmes. Id.* The fact that under the pre–1994 version of the statute some workers chose not to use the benefit for its intended purpose does not render the legislature's decision to provide the benefit so unreasonable as to be arbitrary. Accordingly, we hold that the pre–1994 version of KRS 342.732(1)(a) does not constitute special legislation in violation of Section 59 of the Kentucky Constitution.

■■ As to the issue of which version of KRS 342.732(1)(a) governs this claim, we note that the question is not properly before us as appellant did not raise this argument before the Board. *Yocom v. Conley,* Ky. App., 554 S.W.2d 416 (1977). However, even if the question had been properly preserved for appeal, the holding in *Thornsbury, supra,* reveals that the claim *sub judice* would not be governed by the new amendment because it was not pending as of April 4, 1994. The ALJ's decision was rendered December 10, 1993.

For the foregoing reasons, we hold that KRS 342.732(1)(a) is constitutional, and the

Workers' Compensation Board's opinion is affirmed.

All concur.