EARTHGRAINS, Appellant,

v.

Jeffrey W. CRANZ; Hon. Stephen B. Lee; Hon. A.B. Chandler, III, Attorney General, Commonwealth of Kentucky; Hon. John B. Coleman, Administrative Law Judge; and Workers' Compensation Board, Appellees,

and

Eastern Kentucky University, Appellant,

v.

Clinton McFerron; Hon. Robert Claycomb; Hon. A.B. Chandler, III, Attorney General, Commonwealth of Kentucky; Hon. John Coleman, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Nos. 1998–CA–002885–WC,
1998–CA–002886–WC.

Court of Appeals of Kentucky.

July 16, 1999.

William P. Swain, Douglas A. U'Sellis, Louisville, Brief for Appellant, Earthgrains.

K. Lance Lucas, Florence, Brief for Appellant, Eastern Kentucky University.

No Brief for Appellees.

Stephen B. Cox, Frankfort, Brief for Amicus Curiae, Department of Workers' Claims.

Before: GARDNER, MILLER, and SCHRODER, Judges.

SCHRODER, Judge.

These are two petitions for review challenging the constitutionality of KRS 342.320(2)(c), which requires an employer, or the employer's insurer, to pay up to $5,000 of the employee's attorney fees if the employer appeals a benefit determination of an arbitrator or an order of an administrative law judge and does not prevail on appeal. We reject appellants' arguments and hold that KRS 342.320(2)(c) is constitutional.

Appellees, Jeffrey Cranz and Clinton McFerron, filed claims for workers' compensation benefits for work-related injuries. The arbitrator in both cases found in favor of appellees. Both Cranz's employer, Earthgrains, and McFerron's employer, Eastern Kentucky University, requested hearings before an Administrative Law Judge ("ALJ"). After full evidentiary hearings on the issues of causation and work-relatedness, the ALJs in both cases found in favor of appellees. Appellees then moved for attorney fees pursuant to KRS 342.320(2)(c), which provides:

> Upon an appeal by an employer or carrier from a written determination of an arbitrator or an award or order of an administrative law judge, if the employer or carrier does not prevail upon appeal, the administrative law judge shall fix an attorney's fee to be paid by the employer or carrier for the employee's attorney upon consideration of the extent, quality, and complexity of the services rendered not to exceed five thousand dollars ($5,000) per level of appeal. This attorney's fee shall be in addition to any fee awarded under paragraphs (a) and (b) of this subsection.

In both cases, the ALJs awarded appellees attorney fees. Both employers then filed appeals to the Workers' Compensation Board (the "Board") solely on the attorney fees issue, maintaining that KRS 342.320(2)(c) was unconstitutional. Neither appeal contested the merits of the employee's claim for benefits. At this point, appellees' cases were consolidated

before the Board since they contained the same issue. In its opinion affirming the awards of attorney fees, the Board observed that the only issue raised was the constitutionality of KRS 342.320(2)(c)' and that it, as an administrative body, was "without authority or jurisdiction to address issues concerning the constitutionality of statutes...." *Blue Diamond Coal Co. v. Cornett,* 300 Ky. 647, 189 S.W.2d 963 (1945). Eastern Kentucky University and Earthgrains now petition this Court for review of the Board's decision, again arguing that KRS 342.320(2)(c) is unconstitutional.

Appellants first argue that the statute in question violates the due process and equal protection provisions of Section 2 of the Kentucky Constitution because it permits an award of attorney fees to be made to the claimant, without the employer having a corresponding right to recoup attorney fees. Appellants rely primarily on the case of *Burns v. Shepherd,* Ky., 264 S.W.2d 685 (1953). *Burns* considered the constitutionality of KRS 342.320(2), Acts of 1952, Chapter 182, Sec. 12, under which an employer was required to pay one-half of the claimant's attorney fees in the case of an award by the Workmen's Compensation Board growing out of injury or death of an employee. The *Burns* Court found the statute to be unconstitutional, holding:

> Unless based upon some unreasonable delay or willful failure of the employer, there could be no more constitutional justification for requiring the employer to pay all or part of the employee's attorney fee than to require payment of his grocery bill. Unless some standards are provided by which the requirement would apply only to employers who have unreasonably or willfully violated some obligation which they owe to an employ-

ee, we do not think the statute can be sustained as constitutional. It violates the due process clause of the Federal Constitution and Section 2 of the Kentucky Constitution which declares that absolute and arbitrary power exists nowhere in a republic.

*Burns* at 687–688.

The *Burns* opinion addressed prior Kentucky cases dealing with statutes imposing attorney fees upon one party when the opposing party was not granted a similar right if successful.[1] In regard to these cases, the *Burns* Court stated:

> Throughout all of the cases is the fundamental principle that the imposition of the fees is justified solely on the ground that the person responsible for their payment has brought about the situation through which the fees are incurred by the willful violation of some statutory or contractual obligation. In the statute under consideration, no distinction is made between the just and the unjust. It applies with equal force to the employer who, without reasonable basis for his position, is trying to escape his statutory responsibility, and the employer who is neither seeking to avoid or delay payment of a valid claim asserted by the employee.

*Burns* at 687.

*Burns* has not been explicitly overruled by the Kentucky Supreme Court and ostensibly supports the appellants' position. However, *Owens v. Clemons,* Ky., 408 S.W.2d 642 (1966), substantially weakened *Burns.* The *Owens* Court stated "[t]he broad statement in [*Burns* ] that the sole justification for the imposition of fees is the willful violation of a statutory obligation is inaccurate." *Owens* at 645. The Court noted that cases preceding *Burns*

---

1. *See Liberty Warehouse Co. v. Burley Tobacco Growers' Co-op,* 208 Ky. 643, 271 S.W. 695 (1925) (upholding the Bingham Co-operative Marketing Act, one provision of which imposed attorney fees against the warehouse if it should become liable for a violation of the Act); and *W.W. Mac Co. v. Teague,* 297 Ky. 475, 180 S.W.2d 387 (1944) (holding as constitutional a provision of the Women and Minors' Act requiring payment of attorney fees by the employer where he had failed to pay the wages prescribed and an action was instituted against him by the employee on that account).

had upheld the assessment of attorney fees to successful litigants against nonprevailing litigants.[2] *Id.*

*Owens* upheld the constitutionality of KRS 337.360, which permitted the awarding of attorney fees against a losing employer in claims brought by employees under the minimum wage laws. *Owens,* noting the conflict with the *Burns* opinion, stated "[s]ince ... the public policy exemplified under both laws is basically the same, we now have some question concerning the soundness of the *Burns* decision." *Owens* at 646. In view of the foregoing, we do not believe *Burns* is controlling in the case at bar. *See* Supreme Court Rule 1.030(8)(a).

■■■ As to appellants' argument that KRS 342.320(2)(c) is unconstitutional as a violation of equal protection, the standards for equal protection classifications under the State Constitution are the same as those under the Fourteenth Amendment to the Federal Constitution, and a single standard can be applied to both State and Federal Constitutions. *Delta Air Lines, Inc. v. Commonwealth of Kentucky, Revenue Cabinet,* Ky., 689 S.W.2d 14, 18 (1985). The constitutionality of a statute that regulates economic matters will be upheld if its classification is not arbitrary, or if it is founded upon any substantial distinction suggesting necessity or propriety of such legislation. *Leeco, Inc. v. Baker,* Ky.App., 920 S.W.2d 79 (1996). In the area of economic legislation, the legislature does not violate equal protection or due process merely because the classifications made by its statutes are imperfect. Unless a classification requires some form of heightened review because it jeopardizes the exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the equal protection clause of the Federal Constitution requires only that the classification be analyzed under the rational basis test. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); *Commonwealth v. Howard,* Ky., 969 S.W.2d 700, 702–703 (1998).

■■■ Under the rational basis test, a classification must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. *Heller v. Doe by Doe,* 509 U.S. 312, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993), *citing F.C.C. v. Beach Communications, Inc.,* 508 U.S. 307, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993); *Commonwealth v. Howard,* 969 S.W.2d at 700. In the workers' compensation context, the General Assembly may properly classify in its legislation, provided the "objective is legitimate and the classification is rationally related to that objective." *Mullins v. Manning Coal Corp.,* Ky., 938 S.W.2d 260, 263 (1997), *cert. denied,* 521 U.S. 1119, 117 S.Ct. 2511, 138 L.Ed.2d 1014 (1997), *quoting Chapman v. Eastern Coal Corp.,* Ky., 519 S.W.2d 390, 393 (1975); *see also Kentucky Harlan Coal Co. v. Holmes,* Ky., 872 S.W.2d 446 (1994).

■■■ The discrepancy of financial resources available to an employer and its insurance carrier in comparison to the financial resources available to a partially or wholly disabled employee is a rational basis sufficient to justify requiring employers to pay attorney fees upon losing an appeal, while not requiring employees to do likewise. Hence, KRS 342.320(2)(c), under the equal protection rational basis test, does not create unconstitutional classifications by permitting employees to recover attorney fees from nonprevailing employers, while not permitting employers to recover from nonprevailing employees.

**2.** *See Teague,* 297 Ky. 475, 180 S.W.2d at 387 (fees can be justified as a protective measure for a certain class of workers); *Chicago & N.W.Ry. Co. v. Nye–Schneider–Fowler Co.,* 260 U.S. 35, 43 S.Ct. 55, 67 L.Ed. 115 (1922) (basis for upholding a statute allowing attorney fees to those asserting property damage claims against railroad companies was that such a law stimulated the seasonable consideration and prompt payment of such claims).

 Appellants' contention that KRS 342.320(2)(c) violates due process constitutional protections is likewise unpersuasive. When economic and business rights are involved, rather than fundamental rights, substantive due process requires that the statute be rationally related to a legitimate state objective. *Stephens v. State Farm Mut. Auto. Ins. Co.,* Ky., 894 S.W.2d 624, 627 (1995). A court dealing with a challenge to the constitutionality of an act of the General Assembly must "necessarily begin with the strong presumption in favor of constitutionality and should so hold if possible." *Brooks v. Island Creek Coal Co.,* Ky. App., 678 S.W.2d 791, 792 (1984). Due process or equal protection is violated " 'only if the resultant classifications or deprivations of liberty rest on grounds wholly irrelevant to a reasonable state objective." ' *Edwards v. Louisville Ladder,* Ky.App., 957 S.W.2d 290, 295–296 (1997). Hence, again, legislation concerning economic matters is tested for constitutional substantive due process violations using the rational basis test. For reasons similar to those set forth in our discussion of the rational basis test under equal protection, *supra,* the statute at issue is rationally related to a legitimate state objective and hence is not a violation of substantive due process constitutional rights.

 We also reject appellants' argument that KRS 342.320(2)(c) unconstitutionally restricts their right to appeal guaranteed them by Section 2 of the Kentucky Constitution which provides a right to appeal from an adverse decision of an administrative agency acting in a quasi-judicial role. KRS 342.320(2)(c) does not prevent employers from appealing adverse decisions. Employers are still free to appeal, but with the condition that they will have to pay attorney fees if their appeal is unsuccessful. The state's interest in seeing that the injured employee is promptly compensated outweighs any limiting effect the statute may have on the employer's appeal. *See Ford Motor Company v. Barrett,* 115 Wash.2d 556, 800 P.2d 367 (1990).

Finally, we note that the awarding of attorney fees is permitted, or required, in a number of other situations. KRS 403.340(4) requires attorney fees and costs to be assessed against a party seeking modification of child custody if the court finds that the modification action is vexatious and constitutes harassment; KRS 403 .220 permits a circuit court in a domestic relations case, after consideration of the financial resources of the parties, to order a party to pay a reasonable amount for the cost to the other party of maintaining or defending an action; KRS 453.060(1) permits a successful party represented by a licensed attorney, when no jury is impaneled, to be awarded attorney fees; KRS 453.060(2) requires a guardian ad litem or warning order attorney to be paid a reasonable fee for his services, to be paid by the plaintiff and taxed as costs; KRS 387.305 requires a reasonable fee to be paid to a guardian ad litem by the plaintiff; KRS 453.260 permits the awarding of attorney fees in lawsuits in which the Commonwealth is a party to the action; KRS 271B.13–310, in an appraisal proceeding commenced under KRS 271B.13–300, permits a court to assess the fees and expenses of counsel for the respective parties. Hence, the treatment of attorney fees under KRS 342.320(2)(c) is not particularly unique in requiring a party to defer the legal expenses of his opposing party.

For the foregoing reasons, KRS 342.320(2)(c) is adjudged constitutional under the Constitution of the United States and the Constitution of the Commonwealth of Kentucky.

 Appellants next argue that KRS 342.320(2)(c) does not entitle employees to attorney fees at the ALJ level because review of an arbitrator's decision by an ALJ is not an "appeal," per the language of KRS 342.320(2)(c), as the ALJ conducts a *de novo* review of the arbitrator's decision. Appellants point to Section 115 of the Kentucky Constitution which states, "Appeals shall be upon the record and not by trial *de novo.*" Generally, a statute should be interpreted so as to ren-

der it consistent with its general scope and should not be construed in such manner as to render it partly ineffective or inoperative. *Miller v. Commonwealth for Use of City of Harrodsburg,* 300 Ky. 215, 187 S.W.2d 837 (1945). The process of interpreting statutory language requires courts to be guided by the intention of the legislature, which is to be drawn from the meaning expressed or reasonably implied in the language. *Commonwealth v. Carroll County Fiscal Court,* Ky.App., 633 S.W.2d 720 (1982). The Court of Appeals must give reasonable meaning to words employed in a statute. *Commonwealth v. Whitlow,* 311 Ky. 274, 223 S.W.2d 1003 (1949). Although appeals generally are not *de novo,* it is clear from the language in KRS 342.320(2)(c) that the legislature intended it to apply to an ALJ's review of an arbitrator's decision. The statute expressly refers to "an appeal ... from a written determination on an arbitrator." Since any review by an ALJ from a written decision of an arbitrator is required to be *de novo* under KRS 342.275(1), the legislature clearly meant the word "appeal" in this instance to refer to the *de novo* review by an ALJ. *See also Vessels by Vessels v. Brown–Forman Distillers Corp.,* Ky., 793 S.W.2d 795 (1990) wherein the Court recognized that the words "review" and "appeal" are often used synonymously.

Appellants also argue that appellees in the instant case would not be entitled to attorney fees under KRS 342.320(2)(c) upon review by the Board because the appellees did not technically "prevail" before the Board since the Board is not authorized to pass on the constitutional issues, which were the only arguments raised by appellants before the Board. The problem with this argument is that appellees were not awarded attorney fees for the appeal to the Board. Accordingly, the issue is moot. *See Louisville Transit Company v. Dept. of Motor Transportation,* Ky., 286 S.W.2d 536, 538 (1956). Likewise, the same can be said of appellants' argument that review by the Court of Appeals is not an "appeal" for purposes of KRS 342 .320(2)(c). Since appellees have not filed a response before this Court, attorney fees will obviously not be awarded under KRS 342.320(2)(c). As for appellants' argument that review by the Kentucky Supreme Court is not an "appeal" for purposes of KRS 342.320(2)(c), the issue of whether attorney fees will be awarded at that level is speculative. Thus, that issue is not ripe for our review. *See Associated Industries of Kentucky v. Commonwealth,* Ky., 912 S.W.2d 947 (1995).

For the reasons stated above, the opinion of the Workers' Compensation Board is affirmed.

ALL CONCUR.