CITY OF LOUISVILLE, Appellant,

v.

Larry SLACK; Freeda Clark, Individually; Donna H. Terry, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 1999–SC–0580–WC.

Supreme Court of Kentucky.

March 22, 2001.

Stuart E. Alexander III, Dana Taylor Skaggs, Tilford, Dobbins, Alexander, Buckaway & Black, Louisville, Counsel for Appellant.

Freeda M. Clark, Louisville, Counsel for Appellees, Freeda M. Clark and Larry Slack.

Donna H. Terry, Chief Administrative Law Judge, Department of Workers' Claims, Frankfort, Counsel for Appellee, Donna H. Terry.

Walter W. Turner, Commissioner, Department of Workers' Claims, Frankfort, Counsel for Appellee, Workers' Compensation Board.

JOHNSTONE, Justice.

This workers' compensation appeal concerns the constitutionality of the 1996 amendment to KRS 342.320(2)(c), requiring an employer or its carrier to pay up to $5,000.00 of an injured worker's attorney fees if the employer appeals an award by an arbitrator or Administrative Law Judge (ALJ) and does not prevail. We hold that the statute is unconstitutional and reverse the decision of the Court of Appeals.

Claimant, Larry Slack, was injured in August 1996, while employed as a park maintenance worker for the City of Louisville, and filed a workers' compensation claim in May 1997. He was awarded a 40 percent permanent partial disability benefit by an arbitrator, after which the employer sought *de novo* review before an ALJ pursuant to KRS 342.275. The ALJ determined that Slack was totally disabled and awarded a period of temporary total disability benefits, an award more favorable than that of the arbitrator. Slack then moved for an award of attorney fees pursuant to KRS 342.320(2)(c), and the ALJ awarded a fee of $4,000.00, to be assessed against the City of Louisville, which appealed the award to the Workers' Compensation Board (Board). The Board affirmed the ALJ. The City of Louisville then appealed the Board's ruling to the Court of Appeals. The City of Louisville challenged the award of attorney fees on the grounds that it constitutes an unjust taking of property; that KRS 342.320(2)(c) is arbitrary class legislation; that it denies the employer both procedural and substantive due process; and that it violates both the United States and Kentucky Constitutions. The Court of Appeals affirmed.

At the time Slack moved for attorney fees, KRS 342.320(2)(c) provided:

> Upon an appeal by an employer or carrier from a written determination of an arbitrator or an award or order of an administrative law judge, if the employer or carrier does not prevail upon appeal, the administrative law judge shall fix an attorney's fee to be paid by the employer or carrier for the employee's attorney upon consideration of the extent, quality, and complexity of the services rendered not to exceed five thousand dollars ($5,000) per level of appeal. This attorney's fee shall be in addition to any fee awarded under paragraphs (a) and (b) of this subsection.

KRS 342.320(2)(c) was deleted by the General Assembly effective July 14, 2000. 2000 Ky. Acts Ch. 514 § 24.

The issue in this case is almost identical to the one presented in *Burns v. Shepherd*, Ky., 264 S.W.2d 685 (1954), which concerned a challenge to "the constitutionality of KRS 342.320(2), Acts of 1952, Chapter 182, § 12, under which an employer is required to pay one-half of the claimant's attorney fee in the case of an award by the

Workmen's Compensation Board, growing out of injury or death of an employee." *Id.* at 686. Thus, both *Burns* and the case at bar involve a constitutional challenge to an amendment to the same statute that requires an employer to pay part or all of a claimant's attorney fees regardless of fault. The *Burns* Court held that the indiscriminate application of the statute rendered it unconstitutional:

> Unless based upon some unreasonable delay or willful failure of the employer, there could be no more constitutional justification for requiring the employer to pay all or part of the employee's attorney fee than to require payment of his grocery bill. Unless some standards are provided by which the requirement would apply only to employers who have unreasonably or willfully violated some obligation which they owe to an employee, we do not think the statute can be sustained as constitutional. It violates the due process clause of the Federal Constitution and Section 2 of the Kentucky Constitution which declares that absolute and arbitrary power exists nowhere in a republic.

*Id.* at 687–88.

The Court of Appeals believed that the holding of *Burns* was so weakened by *Owens v. Clemons*, Ky., 408 S.W.2d 642 (1966), that *Burns* was not controlling authority despite the remarkable similarity between that case and this one. This seriously misread *Owens*, which neither overruled nor weakened the holding of *Burns*, but rather distinguished it. *Id.* at 646. *Burns* is still good law after *Owens* and the Court of Appeals erred in not following it as precedent. SCR 1.030(8)(a). Further, we decline any invitation to overrule *Burns* and, therefore, reverse the Court of Appeals.

The Court of Appeals may have been led astray by this passage in *Owens:*

> The broad statement in [*Burns*] that the sole justification for the imposition of fees is the willful violation of a statutory obligation is inaccurate. The cases

recognize other grounds. As shown in the language above quoted from the *Teague* case (297 Ky. 475, 180 S.W.2d 387), such a penalty (if properly it may be so characterized) can be justified as a protective measure for a certain class of workers. In *Chicago & N.W.R. Co. v. Nye–Schneider Fowler Co.*, 260 U.S. 35, 43 S.Ct. 55, 67 L.Ed. 115 [(1922)], the basis for upholding a statute allowing an attorney's fee to those asserting property damage claims against railroad companies was that such a law stimulated the seasonable consideration and prompt payment of such claims.

*Id.* at 645–46. In addition to citing this passage, the Court of Appeals listed a number of other statutes that require one party to pay attorney fees for another as justification for its holding. But this misses the point of *Burns* entirely.

*Burns* was not decided based on blind adherence to the "American Rule," which provides that each party pays its own attorney fees, win or lose. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Rather, *Burns* turned on the idea that the arbitrariness of the statute violated basic notions of fundamental fairness:

> In the statute under consideration, no distinction is made between the just and the unjust. It applies with equal force to the employer who, without reasonable basis for his position, is trying to escape his statutory responsibility, and the employer who is neither seeking to avoid or delay payment of a valid claim asserted by the employee.
>
> As illustrating how the statute may penalize an innocent employer, there may be many instances in which there would be a good faith disagreement between the employer and employee as to the extent of disability resulting from an injury. The award of the Board may agree with the employer in determining the extent of disability; yet, if there is any award whatever, the employer is

required to pay one-half of the attorney fee, notwithstanding he may have been completely successful in sustaining his position.

*Burns*, 264 S.W.2d at 687.

The statute in the case at bar acts just as arbitrarily or more so. Its operation likewise violates the City of Louisville's right to procedural due process.

### PROCEDURAL DUE PROCESS

■ This case concerns an appeal from a determination by an arbitrator, a position that no longer exists within the Workers' Compensation statutes. *See* 2000 Ky. Acts Ch. 514, et seq. When the legislature created the arbitrator position and procedures in 1996, it created a means and method for prompt arbitration of claims. But expediency came at a price of reliability and accuracy:

- The arbitrator must render a determination within ninety (90) days of the assignment of the claim. KRS 342.270(4).

- No transcript is permitted at the arbitrator level. 803 KAR 25:010 § 8(3) (1997).

- A deposition of the opposing party is not permitted unless the party agrees. 803 KAR 25:010 § 5(a) (1997).

- Proof is based upon medical reports and records. 803 KAR 25:010 § 8(4) (1997).

- The right to cross-examine medical experts is subject to the approval of the arbitrator upon a showing of good cause. 803 KAR 25:010 § 8(4) (1997).

- The arbitrator need not be an attorney, rather is only required to have "extensive knowledge in workers' compensation law." KRS 342.230(9).

A party aggrieved by an arbitrator's decision has far more than the right to an appeal on a cold record:

Within thirty (30) days after the filing of the benefit review determination with the commissioner, any party may appeal that determination by filing a request for hearing before an administrative law judge. *Proceedings before the administrative law judge shall be de novo* ....

KRS 342.275(1) (emphasis added).

■ A *de novo* review is quite different than an appeal on the record.[1] In this case, it amounts to the right to retry the claim on the merits in front of an ALJ. Further, the proceedings before the ALJ include procedural safeguards not provided in the hearing before the arbitrator, including:

- The taking of a transcript. 803 KAR 25:015 § 3(1) (1997).

- The application of the Kentucky Rules of Evidence. 803 KAR 25:010 § 15 (1997).

- The right to discovery and to depose witnesses according to certain Kentucky Civil Rules of Procedure. 803 KAR 25:010 § 18 (1997).

- The ALJ is required to be an attorney with at least five years' experience in workers' compensation law. KRS 342.230(3).

■ A party affected by an administrative order is entitled to procedural due process. *American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission*, Ky., 379 S.W.2d 450, 456 (1964). "It is an established rule that an enactment accords due process of law, if it affords a method of procedure with notice, and operates on all alike." *Parrish v. Claxon Truck Lines, Inc.*, Ky., 286 S.W.2d 508, 512 (1955), quoting *Pacific Live Stock Company v. Lewis*,

---

1. We note that because the right to appeal provided by KRS 342.270(4) is to an Administrative Law Judge rather than to a judicial court, the prescription contained in Section 115 of the Kentucky Constitution that "[a]ppeals shall be upon the record and not by trial de novo," does not apply to this case. *See Vessels v. Brown–Forman Distillers Corp.*, Ky., 793 S.W.2d 795, 798 (1990).

241 U.S. 440, 36 S.Ct. 637, 60 L.Ed. 1084 (1916). The right to a *de novo* review provided by KRS 342.375(1) is clearly part of the due process for determining the value of a claim made pursuant to the Workers' Compensation statutes. The indiscriminate imposition of attorney fees mandated by KRS 342.320(2)(c) on an employer who loses in arbitration results in an unequal operation of the procedure. It therefore violates the City of Louisville's right to procedural due process.

### ARBITRARY POWER

By limiting discovery and attorney involvement, the statutory arbitration proceedings promote prompt workers' compensation determinations. However, they also limit a party's ability to adequately evaluate: (1) the claimant's medical records and reports; (2) the cause of injury and work relatedness; (3) the level of impairment; and (4) the reasonable prognosis of alleged injuries. In such a situation, it hardly seems unreasonable or unlikely that an employer might, in good faith, wish to appeal an arbitrator's ruling in order to test its fairness and accuracy.

KRS 342.275(1) provides in relevant part that the right to appeal an arbitrator's award is "subject to penalties for unreasonable proceedings under KRS 342.310." In turn, KRS 342.310(1) provides a means for sanctioning an employer who brings an appeal in bad faith by giving the ALJ discretion to assess costs, including attorney fees, in an unreasonable proceeding. Thus, the only purpose served by KRS 342.230(2)(c) is to punish an employer who brings an appeal in good faith. The statute is a pure act of arbitrary power that violates Section 2 of the Kentucky Constitution.

Therefore, we reverse the Court of Appeals and remand to the ALJ with instructions to enter an order with regard to the attorney fees that is consistent with this

Opinion. Further, for the sake of clarity and consistency, we overrule *Earthgrains v. Cranz*, Ky.App., 999 S.W.2d 218 (1999).[2]

COOPER, KELLER, and WINTERSHEIMER, JJ., concur.

GRAVES, J., dissents by separate opinion, with LAMBERT, C.J.; and STUMBO, J., joining that dissent.

GRAVES, Justice, dissenting.

A court dealing with a challenge to the constitutionality of an act of the General Assembly must "necessarily begin with the strong presumption in favor of constitutionality and should so hold if possible." *Brooks v. Island Creek Coal Co.*, Ky.App., 678 S.W.2d 791, 792 (1984). Due process or equal protection is violated "only if the resultant classifications or deprivations of liberty rest on grounds wholly irrelevant to a reasonable state objective." *Kentucky Association of Chiropractors, Inc. v. Jefferson Co. Medical Society*, Ky., 549 S.W.2d 817, 822 (1977). "When economic and business rights are involved, rather than fundamental rights, substantive due process requires that a statute be rationally related to a legitimate state objective." *Stephens v. State Farm Mut. Auto. Ins. Co.*, Ky., 894 S.W.2d 624, 627 (1995).

Section 59 of the Kentucky Constitution does not prohibit the legislature from making reasonable classifications. *Kentucky Milk Marketing & Anti–Monopoly Commission v. Borden Co.*, Ky., 456 S.W.2d 831, 835 (1969). Under the rational basis test, a classification will withstand an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. *Heller v. Doe*, 509 U.S. 312, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) (citing *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993)); *Commonwealth v. Howard*, Ky., 969 S.W.2d 700 (1998). "[I]n

---

**2.** *Earthgrains* was rendered on July 16, 1999, some eleven months after the Court of Appeals rendered its opinion in the case at bar

and holds directly contrary to our holding today. *Earthgrains* was not cited by either party.

the workers' compensation context, the General Assembly may properly classify in its legislation, provided the 'objective is legitimate and the classification is rationally related to that objective.'" *Mullins v. Manning Coal Corp.,* Ky., 938 S.W.2d 260, 263 (1997), *cert. denied,* 521 U.S. 1119, 117 S.Ct. 2511, 138 L.Ed.2d 1014 (1997) (quoting *Chapman v. Eastern Coal Corp.,* Ky., 519 S.W.2d 390, 393 (1975)); *see also Kentucky Harlan Coal Co. v. Holmes,* Ky., 872 S.W.2d 446 (1994).

KRS 342.320(2)(c) reasonably requires employers to assume an employee's additional attorney fees when the employer appeals a benefit determination decision and does not prevail on the appeal. The discrepancy of financial resources available to an employer and its insurance carrier in comparison to the financial resources available to a partially or wholly disabled employee is a rational basis sufficient to justify requiring employers to pay attorney fees upon losing an appeal, while not requiring employees to do likewise. Hence, "discrimination" between the employer "class" and the employee "class" is founded upon a reasonable distinction and is not impermissible class legislation under Section 59. Therefore, KRS 342.320(2)(c), under the equal protection rational basis test, does not create unconstitutional impermissible classifications by permitting employees to recover attorney fees from nonprevailing employers, while not permitting employers to recover from nonprevailing employees.

KRS 342.320(2)(c) does not deny procedural due process protections because the fundamental requirement of procedural due process is the opportunity to be heard at a meaningful time and manner. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Conrad v. Lexington–Fayette Urban County Government,* Ky., 659 S.W.2d 190 (1983). "It is an established rule that an enactment accords due process of law, if it affords a method of procedure, with notice, and operates on all alike." *Parrish v. Claxon Truck Lines, Inc.,* Ky., 286 S.W.2d 508, 512 (1955) (quoting *Pacific Live Stock Co. v. Lewis,* 241 U.S. 440, 36 S.Ct. 637, 60 L.Ed. 1084 (1916)). Procedural due process is satisfied when a party has sufficient notice and opportunity to make his defense. *Somsen v. Sanitation Dist. of Jefferson County,* Ky., 303 Ky. 284, 197 S.W.2d 410 (1946). Such was afforded the employer in this case.

There is a growing trend toward adding attorney fees to a claimant's award. In 1972, Section 28 of the Longshoremen's and Harbor Workers' Compensation Act[1] was amended to provide a claimant payment for legal fees in cases in which the existence or extent of liability is controverted and the claimant employs legal counsel and successfully prevails on his or her claim. The criteria for entitlement of attorney fees is only that: (1) the claim is disputed; (2) the claimant utilizes the services of counsel; and (3) the claim is successfully prosecuted. 33 U.S.C.A. § 928(a); *see also Ford Aerospace & Communications Corp. v. Boling,* 684 F.2d 640 (9th Cir.1982). In upholding the constitutionality of § 28, courts have relied on a "congressional intent" that attorney fees not diminish the recovery by a claimant "when an employer contests its liability for compensation in whole or in part and the claimant is ultimately successful ... 'regardless of how close a case might be which is litigated but finally lost by (the employer).'" *Hole v. Miami Shipyards Corp.,* 640 F.2d 769, 774 (5th Cir.1981) (quoting *Overseas African Construction Corp. v. McMullen,* 500 F.2d 1291, 1298 n. 14 (2nd Cir.1974)).

Likewise, other jurisdictions have enacted statutory provisions for adding on attorney fees under specific circumstances. In *Baker v. Louisiana Pac. Corp.,* 123 Idaho 799, 853 P.2d 544 (1993), *cert. denied,* 510 U.S. 1024, 114 S.Ct. 634, 126 L.Ed.2d 592 (1993), the Idaho Supreme

---

1. 33 U.S.C.A. § 901 et seq.

Court found the employer's appeal to be essentially an attempt to have the court reweigh the evidence, and awarded attorney fees to the claimant under a statute permitting fees to be awarded when an employer appeals a compensation award "without reasonable grounds." In *Herndon v. Albuquerque Public Schools*, 92 N.M. 287, 587 P.2d 434 (1978), the court of appeals had increased a claimant's award but awarded no additional attorney's fees. The New Mexico Supreme Court held that the failure to award attorney's fees for the appeal was an abuse of discretion by the lower court. The supreme court based its decision on the state policy favoring representation of workers, protecting particularly the right to such representation when the employer appeals.

Several states have statutes providing for the award of attorney fees to be assessed against the employer in cases where the claimant prevailed below and the award was affirmed on the employer's appeal. Ark.Code. Ann. § 11–9–715(b)(1) (Michie 1999); Cal. Lab.Code §. 5801 (Deering 2000); Del.Code Ann. tit. 19, § 2350(f) (2000); Haw.Rev.Stat. § 386–93 (2000). The Florida statute provides, "If any proceedings are had for review of any claim, award, or compensation order before any court, the court may award the injured employee or dependent an attorney's fee to be paid by the employer or carrier, in its discretion, which shall be paid as the court may direct." Fla. Stat. Ann. § 440.34(5) (West 2000).

In the United States, the "American Rule" provides that each party pays its own attorney fees, win or lose. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). The inability of a litigant, who has incurred a legal bill because of the (as it turns out) mistaken resistance of his or her opponent, to shift that bill to the opponent has always been a somewhat paradoxical tradition of the American legal system. The successful plaintiff, who was supposed to be made whole by the recovery, is made something less than whole by the time the lawyer is paid; or a vindicated defendant, who feels that the outcome of the trial proves there should never have been a suit filed in the first place, emerges from the supposedly successful legal contest with considerably less money than he or she had when entering the contest. The obligation to bear one's own legal fees, then, has become established as a necessary evil, which each client must contrive to bear as cheerfully as he or she can.

When, however, this practice is superimposed upon a closely calculated system of wage-loss ·benefits, a serious question arises whether the social objectives of the legislation may to some extent be thwarted. The benefit scales are so tailored as to cover only the minimum support of a claimant during disability. There is nothing to indicate that the framers of the benefit rates included any padding to take care of legal and other expenses incurred in obtaining the award. The level of benefits is so closely calculated that all costs must be regulated to prevent frustration of the purposes of the act. Accordingly, exceptions to the American Rule have developed when "overriding considerations of justice seem to compel such a result." *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L.Ed.2d 475 (1967).

Workers' compensation law is a strictly regulated statutory system which may make allowance for attorney fees in addition to the award. The Workers' Compensation Act is remedial legislation and must be liberally construed to accomplish its humanitarian purposes. One purpose is to provide prompt and certain payment of compensation to injured workers without protracted litigation. KRS 342.320(2)(c) benefits a claimant by providing attorney fees in the event an employer unsuccessfully appeals an award favorable to the claimant. To allow the reverse would inhibit the claimant from pursuing an administrative action in his own behalf for fear he would be assessed heavy costs if he lost.

Claimants successful in litigation of their claims should receive compensation undiminished by the costs of litigation on appeal.

KRS 342.320(2)(c) is a constitutional exercise of legislative authority, and is rationally related to the legitimate purposes of the Workers' Compensation Act. The decision in *Burns v. Shepherd,* Ky., 264 S.W.2d 685 (1953) is outdated and should be overruled.

LAMBERT, C.J., and STUMBO, J., join in this dissent.