COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, Appellant,

v.

Frank GUFFEY; John W. Hardin; Douglas Kennedy, MD.; Roger D. Riggs, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2000–SC–0029–WC.

Supreme Court of Kentucky.

April 26, 2001.

W. David Shearer, Jr., Louisville, for appellant.

John W. Hardin, Versailles, for appellees Guffey and Hardin.

Douglas Kennedy, MD, Somerset, appellee pro se.

## OPINION OF THE COURT

This workers' compensation appeal raises a number of questions with regard to the proper application of certain December 12, 1996, amendments to the Act. They concern whether there was substantial evidence to support an award of permanent total disability as defined by KRS 342.0011(11)(c); whether an exclusion for the "natural aging process" was required; whether the evidence compelled an order of rehabilitation; and whether KRS 342.320(2)(c) denies equal protection of the law to employers who unsuccessfully appeal a decision in the claimant's favor.

The claimant was born in 1961, was a high school graduate, and held a commercial driver's license. His employment history included various types of manual labor. In the 11 years that he worked for the defendant-employer, he drove a tractor, dump truck, snow plow, and truck and was also required to use a shovel, operate a chain saw, and use a weed eater. When the crew was working on a highway, he spent much of his time flagging traffic.

On March 27, 1997, the claimant fell down a 20– to 25–foot embankment while working, struck his back and head, and

lost consciousness, after which he was treated for an injury to his spine and for head trauma. His claim alleged that he sustained injuries to his head, neck, left shoulder, left arm, and low back and also alleged that his injuries caused him to suffer from bladder dysfunction, anxiety, and depression. He testified that he also experienced constant pain in his head and that he suffered from blinding headaches which caused him to vomit. He complained of pain in his low back, on the left side of his face, and his left eye; a loss of feeling in his left arm and leg; and a loss of strength in his left shoulder, arm, and hand. There was evidence that the claimant was morbidly obese before the accident and that he had a prior, dormant degenerative back condition; however, there was no evidence that either condition was disabling before the accident.

The claim was transferred by an Arbitrator to an Administrative Law Judge (ALJ) without a decision having been rendered. After reviewing the extensive lay and medical evidence, the ALJ concluded that any urinary difficulties and any symptoms or disabilities due to morbid obesity or diabetes were noncompensable. The ALJ noted that the claimant had worked for the employer for a number of years before the accident; that none of his non-work-related conditions had affected his timeliness, capabilities, or work attendance; that his foreman had testified that he was a good worker; and there was no evidence to the contrary. Based upon the testimony of Drs. Kennedy and Phifer and the claimant's own "credible" testimony, the ALJ concluded that he was totally occupationally disabled from the back and brain injuries that he sustained in the accident, that none of his disability was active prior to the accident, and that none of the nonwork-related conditions was related to the natural aging process. The ALJ concluded by stating, "A combination of his physical injury to his back as well as the traumatic post-concussive syndrome, in and of themselves, have rendered him totally disabled."

After its petition for reconsideration was overruled, the employer appealed; however, the Workers' Compensation Board (Board) affirmed. Noting that KRS 342.320(2)(c) did not take into account the reasonableness of the employer's appeal, the Board remanded the matter to the ALJ so that the employer could be ordered to pay the fee of the claimant's attorney. The employer appealed, adding a constitutional challenge to KRS 342.320(2)(c) to its other grounds for appeal, but the Court of Appeals affirmed and upheld the provision. This matter-of-right appeal by the employer followed.

Conceding that the claimant sustained work-related back and brain injuries, the employer points to the evaluation performed by its vocational expert and asserts that the claimant's permanent disability is no more than partial. Another argument is that the portion of the claimant's impairment rating that is attributable to the natural aging process should be excluded from the award.

The employer emphasizes that, as amended effective December 12, 1996, Chapter 342: 1.) provided that a harmful change to a worker's body is not compensable as an "injury" if it is attributable to the natural aging process; 2.) eliminated Special Fund liability for post-December 12, 1996, claims; and 3.) provided that nonwork-related impairment shall not be considered when determining a worker's disability. Pointing to Dr. Kennedy's testimony that half of the functional impairment to the claimant's spine was due to the arousal of prior, dormant degenerative arthritis and obesity, the employer argues that disability which results from the

arousal of a prior, dormant degenerative condition should not be considered. It explains that the condition is caused by the natural aging process and, therefore, is not an "injury" for the purposes of Chapter 342. It also asserts that KRS 342.730 does not authorize compensation for the arousal of the nonwork-related obesity into disability.

Recently, in *McNutt Construction v. Scott,* Ky., 40 S.W.3d 854 (2001), we indicated that the legislature's decision to abolish Special Fund apportionment with regard to traumatic injury claims had no effect on the longstanding principle that a harmful change to a worker's body that is caused by work is an "injury" for the purposes of Chapter 342. We determined that disability that results from the arousal of a prior, dormant condition by a work-related injury remains compensable under the 1996 Act. Likewise, in *Ira A. Watson Dept. Store v. Hamilton,* Ky., 34 S.W.3d 48 (2000), we concluded that although the 1996 amendments to KRS 342.730(1)(b) severely limited the ALJ's discretion when determining the extent of permanent, partial disability, some of the principles set forth in *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968), remained viable when determining whether a worker's disability was partial or total.

■■■ Although the Act underwent extensive revision in 1996, the ALJ remains in the role of the fact-finder, and it is among the functions of the ALJ to translate the lay and medical evidence into a finding of occupational disability. Although the ALJ must consider the worker's medical condition when determining the extent of his occupational disability at a particular point in time, the ALJ is not required to rely on the vocational opinions of either the medical experts or the vocational experts. *See, Eaton Axle Corp. v. Nally,* Ky., 688 S.W.2d 334 (1985); *Sev-*

*enth Street Road Tobacco Warehouse v. Stillwell,* Ky., 550 S.W.2d 469 (1976). A worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured. *Hush v. Abrams,* Ky., 584 S.W.2d 48 (1979).

■■ In the instant case, testimony by the claimant and by Drs. Kennedy and Phifer indicated that the effects of the work-related back injury and concussion, permanently and by themselves, prevented the claimant from performing any work on a regular and sustained basis in a competitive economy. The medical evidence indicated that the degenerative condition was dormant before the accident and that half of the claimant's ultimate functional impairment was due to the fact that the accident had aroused the condition into disability. Having reviewed the evidence and the arguments of the parties, we conclude that the employer has failed to demonstrate that the finding of permanent, total disability was so unreasonable that it must be viewed as being erroneous as a matter of law. *Special Fund v. Francis,* Ky., 708 S.W.2d 641, 643 (1986). Likewise, the employer has failed to establish that the ALJ considered anything but disability or impairment that was proximately caused by the work-related trauma when concluding that claimant was totally disabled.

■■ Pointing to Dr. Kennedy's recommendation that the claimant undergo vocational rehabilitation and to portions of Dr. Phifer's testimony, the employer asserts that an order of rehabilitation was required. The employer is reminded, however, that the question of whether to order vocational rehabilitation is a matter for the sound discretion of the ALJ. Having considered the evidence and the arguments of the parties, we are not persuaded that the ALJ's determination was so unreasonable

on these facts that it must be viewed as being erroneous as a matter of law. *Special Fund v. Francis,* supra.

■ The employer's final argument is that KRS 342.320(2)(c) unfairly distinguishes between workers and employers because it requires an unsuccessful employer to pay the injured worker's attorney fee without regard to the reasonableness of the appeal but imposes no reciprocal penalty upon similarly situated workers. The employer explains that this disparate treatment violates Sections 1, 2, and 3 of the Kentucky Constitution because it is arbitrary and denies equal protection to employers. By requiring an unsuccessful employer to pay up to $5,000.00 per level of appeal without regard to whether the appeal was reasonable, the provision discourages employers from exercising their statutory and constitutional right of appeal. Explaining that access to the courts is a fundamental right that is protected by Sections 14, 54, 115, and 241 of the Kentucky Constitution, the employer asserts that the "strict scrutiny" test must be applied.

*City of Louisville v. Slack,* Ky., 39 S.W.3d 809 (2001), concerned whether KRS 342.320(2)(c) violated the principles of procedural due process and was arbitrary class legislation when applied following an employer's unsuccessful appeal to an ALJ. In concluding that the provision violated the employer's right to procedural due process, we noted that the indiscriminate imposition of attorney fees on an employer who lost in arbitration resulted in an unequal operation of the de novo review procedure, the right to which is explicitly granted in KRS 342.327(1). Our conclusion that the purpose of KRS 342.320(2)(c) was arbitrary was supported by the fact that KRS 342.310 afforded an avenue for sanctioning a party who brought, prosecuted, or defended a workers' compensation

proceeding without reasonable ground and, therefore, that the only purpose of KRS 342.320(2)(c) was to unfairly penalize an employer who brought a good-faith appeal but did not prevail.

In the instant case, the employer has appealed concerning the ALJ's application of certain 1996 amendments to the Act. When each level of appeal was initiated, the impact of the amendments that were at issue was unsettled, and there was no indication that the appeal was taken in anything but good faith. Chapter 342 provides not only for de novo review before an ALJ but also for appeals to the Board and the Court of Appeals, and KRS 342.310 expressly applies to both. For that reason, the rationale that was expressed in *City of Louisville v. Slack, supra,* supports a conclusion that the provision is arbitrary when applied to unsuccessful appeals by employers to the Board and the Court of Appeals.

The decision of the Court of Appeals is reversed to the extent that it upheld the constitutionality of KRS 342.320(2)(c), but it is affirmed in all other respects.

All concur.