## Sanitation Dist. No. 1 Of Jefferson County et al. v. Louisville & Jefferson County Metropolitan Sewer Dist. et al.

February 13, 1948.

Franklin P. Hays, Skaggs, Hays & Fahey, Will H. Fulton and Woodward, Dawson, Hobson & Fulton for appellants.

J. Verser Conner, Gilbert Burnett and John R. Moreman for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

Sanitation District No. 1 of Jefferson County was organized under Chapter 220, Kentucky Revised Statutes, which is an act of 1940. See Somsen v. Sanitation District No. 1, 303 Ky. 284, 197 S. W. 2d 410. The Louisville & Jefferson County Metropolitan Sewer District was organized under Chapter 76, KRS, which is an act of 1946. See Veail v. Louisville & Jefferson County Metropolitan Sewer District, 303 Ky. 248, 197 S. W. 2d 413. The Sanitary District proposes to construct a sewer system at a cost of $2,000,000, for which it will issue revenue bonds. The two districts have negotiated a contract by which it shall be connected with the city system, now under the control and management of the Metropolitan District. The execution of the contract has been authorized by the respective governing boards, but it has not been consummated pending a judicial decree declaring the powers and rights of the parties with respect to certain provisions.

As stated in Louisville & Jefferson County Metropolitan Sewer District v. St. Matthews Sanitary Association, 307 Ky. 348, 208 S. W. 2d 490, it is necessary that the city system be used for the disposal of drainage and sewerage in that territory.

The contract stipulates that Sanitation District shall retain title to its property, subject to all encumbrances and liabilities pertaining to such ownership, and that Metropolitan District shall become only its agent. Among other provisions it is provided that Metropolitan shall collect from individual sewer users service charges according to its applicable schedule as compensation for the use of the sewers and for the maintenance and operation of Sanitation's system, the same as if it were a part of and within the Metropolitan system. It is also agreed that Metropolitan shall collect a surcharge established by Sanitation for the purpose of liquidating its revenue bonds and other purposes which Sanitation deems desirable. Metropolitan will employ the same method it does to collect its own revenues and turn the net amounts over to Sanitation. That District will adopt and enforce the rules and regulations of the Metropolitan District.

The contract recites that there is a difference of opinion between the parties with respect to the question of whether under the statutes Metropolitan District would become liable for the debts and liabilities of Sanitation District in case of annexation of the territory by the City of Louisville, or whether the users of the sewers would thereby be released from their obligations to pay subsequently accruing service charges. Another difference concerns the right of Sanitation District itself to annex additional area. It is further said that Metropolitan District is not willing to consummate the contract or may cancel it if it should become liable for the debts. Wherefore, it is stipulated that the questions shall be determined by the courts.

The circuit court declared the contract to be valid and its provisions to be authorized by law. The several specific declarations are acceptable to the parties except that which adjudges that in the event of annexation of the area or any part of it by the city, Metropolitan District would not become liable for any indebtedness of

the Sanitation District, but all of its indebtedness would thereupon become a general obligation of the city, payable from general tax revenues, "except to the extent of such obligations of Sanitation District exceeded the income and revenue provided for such city for such year of annexation." To the extent of such excess, the debt would remain an indebtedness of the District and be collectible from property lying within its boundary to the same extent as if the annexation had not occurred. If only a portion of the district should be annexed, the assumption of debt by the city would be "in such proportion as the amount of rentals within the territory annexed bore to the amount of rentals in the entire district."

The difficulty arises from the fact that some of the provisions of these correlative acts of 1940 and 1946 are inconsistent. The special difficulty is in respect to the debt to be incurred in the construction of the sewers by Sanitation District in case the territory should be annexed as a part of the city. An annexation proceeding is now pending.

KRS 220.530 provides as follows: "Where a city having existing sewers constructed and maintained by general tax funds of the city annexes an entire sanitation district, the city shall be bound for all the debts and liabilities, and be the owner of all the property and rights, of the district, the users of sewers in the district shall be relieved from any further rentals and obligations, and the district shall thereupon be automatically dissolved."

There are further similar provisions as to the annexation of a part of a sanitation district.

The 1946 act (Chapter 104) contains the specific provision (Section 21) that "Insofar as the provisions of this Act are inconsistent with the provisions of any other law, the provisions of this Act shall control." That section, however, is not published in the statutes. Apparently it was deemed surplusage by the Reviser of Statutes since it merely expressed a general rule of statutory construction.

All parties challenge the judgment in the particular stated. The Sanitation District and a representative

citizen and taxpayer thereof maintain that the judgment is erroneous only in excepting from the assumed liability any amount in excess of the revenues of the city for the particular year in which annexation takes place. It contends the city would become liable for the entire debt. The point is that the city is not compelled to annex the territory, but if it desires annexation it will be limited to such proportionate part as its anticipated revenue for the particular year will permit an assumption of a debt.

The City of Louisville is not a party to the proposed contract, but is a party to the suit. It takes the position that the two independent political subdivisions (the Sanitation and the Metropolitan Districts) cannot by their contract impose a debt upon it, a third municipality; that the provisions of KRS 220.530 were repealed or rendered ineffectual by reason of a conflict with the later enactment of 1946.

The Metropolitan District argues that the court properly held the city would become liable for payment of the Sanitation District bonds out of its general revenue to the extent declared, and that it, the Metropolitan District, would not become liable for any of the principal indebtedness.

So far as the contention of Sanitation District is concerned, it seems sufficient to say that the parties could not contract, or the statute provide, or the courts lawfully adjudge a liability upon the city which is prohibited by Section 157 of the Constitution. It cannot be said that the provision of the statute is itself unconstitutional, but it may become unconstitutionally inapplicable to the existing status. As to what the relative financial conditions may be at the time cannot, of course, now be determined, but we think it was proper for the court to attach the qualification in any event.

The provision of KRS 220.530 must be construed in the light of conditions at the time of its enactment. It would have harmonized with the prevailing conditions. At the time the statute was enacted and Sanitation District was organized, the City of Louisville was both constructing and maintaining its sewer system by general taxation. After the creation of the Metropoli-

tan District, by virtue of the 1946 Act the maintenance was assumed by it and the city has no longer maintained or operated the system through general taxation, or at all except through Metropolitan, which derives its entire revenue from service charges or rentals. And this change in financial policy and practice of the city under the 1946 Act occurred before the Sanitation District did anything more than take preliminary steps to function under the 1940 Act.

The earlier statute must yield in the conflict. We think it correct to interpret the will of the Legislature in enacting the Act of 1946 to be that no further debt should be assumed by or imposed upon the City of Louisville, payable out of its general revenues, in case of annexation of the territory embraced within a sanitation district any more than it would be to impose an additional debt of that character upon property within the city for new construction. The whole plan and scheme was changed in so far as it relates to Jefferson County, the only county to which the Act of 1946 now applies.

The whole tenor of the 1946 act is to relieve the City of Louisville of responsibility for the cost of constructing, extending or maintaining its sewerage system and to place the entire duty upon the Metropolitan District as a political entity. The power given the district is very comprehensive. It is given broad authority both with respect to the city system (taken over for all purposes except ownership and liquidation of existing bonds) and all other systems and extensions to be made in the county outside the city boundary. The district is empowered to construct and extend its system and facilities so as to serve all or any part of any other city or unincorporated area pursuant to agreement with it. However, it is declared that the term "incorporated area" as used in this connection "shall not mean or apply to any sanitation district organized under Chapter 220 of the Kentucky Revised Statutes." KRS 76.170. This corresponds with KRS 76.110, which excludes encroachment by the Metropolitan District upon territory of a sanitation district existing under Chapter 220. These exclusions were amendments to the original bill. 1946 House Journal, p. 3070. But there is no prohibition against contracting with

such sanitation district for the operation of a system which it might construct. It is important to note, however, that the statute does not impose or authorize the imposition of any debt upon the Metropolitan District save such as may be liquidated by charges upon the use of drainage and sewerage systems which it may build, operate or maintain. We think it was properly adjudged that the effect of annexation of the territory to the city would not render the Metropolitan District liable for any existing debt.

What then would become of the Sanitation District's obligations for its revenue bonds if the territory it embraces should become annexed to the city? The statute which would have imposed the obligations upon the city as its debt and have relieved the property holders of the district from the payment of any charge otherwise going to liquidate its revenue bonds was rendered inapplicable by the Act of 1946. And Metropolitan has been kept out of the territory by the same statute. By reason of the inapplicability of KRS 220.530 there is no provision of the statutes which would relieve the property in Sanitation District from the obligation to liquidate its revenue bonds or to pay appropriate service or rental charges. Therefore, it must follow that revenue bonds issued to finance the construction of a system by Sanitation would continue to, be a prior and extra charge upon that system of sewers and the property using it according to the terms of the bonds.

There is much in the argument of the Sanitation District that it would be unjust and inequitable for the city to acquire the sewerage system and at the same time require its property holders to continue to pay its revenue bonds because after annexation they would be subject to taxation for the entire bonded debt of the city, including not only that incurred for construction of its sewers but school houses and other purposes. They would at the same time be subject to the payment of rental charges to the city's agency for the use of their own system. The response is that we are not dealing with equities, but with the construction of acts of the Legislature. They may cause discrimination, but this territory would be in no different situation and have no greater responsibility imposed upon it than would territory not incorporated as a sanitation district where

the Metropolitan District found it necessary or expedient to build sewers and such area was afterward annexed to the city.

The judgment is reversed on the direct and cross-appeals that it may be modified to conform to the views of this court.