# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

### 2014-SC-000442-WC

EDNA MILES                                                                    APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                        CASE NO. 2013-CA-000973-WC
WORKERS' COMPENSATION NO. 12-94841

BLUEGRASS REHABILITATION CENTER;
HONORABLE WILLIAM J. RUDLOFF,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                APPELLEES

## MEMORANDUM OPINION OF THE COURT

## <u>AFFIRMING</u>

Appellant, Edna Miles, appeals a Court of Appeals decision which reversed a workers' compensation award entered in her favor. Miles argues that the Court of Appeals erred in reversing the Workers' Compensation Board's ("Board") opinion because substantial evidence supports the Administrative Law Judge's ("ALJ") finding that she was entitled to permanent total disability ("PTD") benefits. For the below stated reasons, we affirm the Court of Appeals.

Miles filed a Form 101 alleging she injured her back, hips, and lower abdomen while lifting a patient in the course of her employment as a certified nursing assistant at Bluegrass Rehabilitation Center. As she lifted the patient,

Miles alleges she experienced a pop in her back and that her right leg went numb, causing her to fall to the floor. Miles sought treatment for her injury and attempted to return to light duty work at Bluegrass. However, Dr. Thomas Menke took Miles off work and she has been unemployed since.

Miles submitted reports from Dr. James Owen and Dr. Jared Madden in support of her claim. Relevant to the issue appealed in this matter, the ALJ summarized Dr. Madden's findings as follows:

> [Miles] also filed the medical report of Dr. Jared Madden. Dr. Madden examined Ms. Miles on November 9, 2012. Dr. Madden took a comprehensive medical history from Ms. Miles and reviewed her medical records. He conducted a thorough physical examination of the plaintiff. His diagnosis was that Ms. Miles' condition involved low back pain, lumbar degenerative disc disease, lumbar radiculopathy and chronic pain syndrome due to trauma. Dr. Madden stated that he did not believe that the plaintiff was at maximum medical improvement because she had not had the required medical treatment due to the fact that the insurance carrier had denied the necessary medical treatment. He stated, however, that he believed that Ms. Miles was at maximum, medical improvement as of August 6, 2012, approximately six months after her work injuries. Based upon a maximum medical improvement date of August 6, 2012, Dr. Madden stated that in his opinion Ms. Miles will sustain a 12% whole person impairment under the AMA *Guides*, Fifth Edition. Dr. Madden stated that Ms. Miles does not retain the physical capacity to return to the type of work which she performed at the time of her work injuries and he recommended that she be restricted to permanent light duty work.

Bluegrass filed the report of Dr. Thomas Menke to counter Miles's evidence.

The ALJ found that Miles sustained a work-related injury. The ALJ made the following findings regarding Miles's eligibility for PTD benefits:

> I saw and heard [Miles] testify at the hearing and she was a credible and convincing witness. Based upon the totality of the evidence, including [Miles's] sworn testimony and the very persuasive medical reports from Dr. Owen and Dr. Madden, I make the factual determination that Ms. Miles will sustain a 12%

permanent whole person impairment under the AMA *Guides*, Fifth Edition, as per the very persuasive medical report from Dr. Madden.

In rendering a decision, KRS 342.285 grants the [ALJ] as fact-finder the sole discretion to determine the quality, character, and substance of evidence. *AK Steel Corp. v. Adkins*, 253 S.W.3d 59 (Ky. 2008). In this case I find most persuasive the opinion of Dr. Madden and find that the plaintiff will sustain a 12% whole person permanent impairment.

"'Permanent total disability' means the condition of an employee who, due to an injury, has a permanent disability rating and has a complete and permanent inability to perform any type of work as a result of an injury . . . ." Kentucky Revised Statutes (KRS) 342.0011. To determine if an injured employee is permanently totally disabled, an ALJ must consider what impact the employee's post-injury physical, emotional, and intellectual state has on the employee's ability "to find work consistently under normal employment conditions . . . . [and] to work dependably[.]" *Ira A. Watson Dept. Store v. Hamilton*, 34 S.W.3d 48, 51 (Ky. 2000). In making that determination,

> 'the ALJ must necessarily consider the worker's medical condition . . . . [however,] the ALJ is not required to rely upon the vocational opinions of either the medical experts or the vocational experts. A worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured.'

*Id.* at 52. (Internal citations omitted.) *See also, Hush v. Abrams*, 584 S.W.2d 48 (Ky. 1979).

In the present case, I considered the severity of [Miles's] work injury, her age, her work history, her education, the testimony of [Miles] and Dr. Madden's specific opinions regarding her occupational disability. Based on all of those factors, I make the factual determination that [Miles] cannot find work consistently under regular work circumstances and work dependably. I, therefore, make the factual determination that she is permanently and totally disabled.

Bluegrass filed a petition for reconsideration which was denied. The Board affirmed the ALJ's opinion and order, finding that substantial evidence supported the PTD award.

The Court of Appeals, citing to *Arnold v. Toyota Motor Mfg.*, 375 S.W.3d 56, 61-62 (Ky. 2012), reversed and remanded the ALJ's opinion and award. Judge VanMeter wrote:

> Here, the record shows no evidence that the ALJ balanced Miles's age, work history, and education against her physical restrictions, the availability of more sedentary jobs, and her ability to perform those jobs. Instead, the ALJ's opinion is simply conclusive, stating that he considered the evidence without any explanation of how he did so. As a result, the record does not contain the evidentiary basis for the ALJ's findings so as to allow for a meaningful review of this case. We believe the Board erred in affirming the ALJ's decision, since the ALJ did not make sufficient findings to support his award of PTD benefits.

Miles subsequently filed this appeal.

The function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). The ALJ, as fact-finder, has sole discretion in determining the quality, character, and substance of the evidence. *AK Steel Corp. v. Adkins*, 253 S.W.3d 59, 64 (Ky. 2008). The ALJ is given broad discretion to weigh the quality and substance of the evidence. *Square D Co. v. Tipton*, 862 S.W.2d 308, 309 (Ky. 1993). However, in making his findings, the ALJ must keep in mind the following standard provided in *Arnold*, 375 S.W.3d at 61-62:

> KRS 342.275(2) and KRS 342.285 contemplate an opinion that summarizes the conflicting evidence concerning disputed facts; weighs that evidence to make findings of fact; and determines the legal significance of those findings. Only when an opinion

4

summarizes the conflicting evidence accurately and states the evidentiary basis for the ALJ's finding does it enable the Board and reviewing courts to determine in the summary manner contemplated by KRS 342.285(2) whether the finding is supported by substantial evidence and reasonable.

The Court of Appeals held that the ALJ did not provide a proper summary of his reasoning in finding that Miles is entitled to PTD benefits. The Court of Appeals held that the ALJ's opinion was conclusory and did not provide a sufficient explanation as to how he reached his ultimate conclusion. We agree.

The ALJ stated that based on the "severity of [Miles's] work injury, her age, her work history, her education, the testimony of [Miles] and Dr. Madden's specific opinions regarding her occupational disability" he found she was entitled to PTD benefits. But, he does not provide any indication as to what it was about that evidence or testimony that led him to find she was entitled to PTD benefits. Notably, the ALJ's summary of Dr. Madden's opinion stated that the doctor believed Miles did not retain the physical capacity to return to the type of work which she performed at the time of her work injuries and recommended she should be on permanent light duty work. The ALJ's summary of Dr. Madden's opinion did not indicate that Miles was unable "to find work consistently under normal employment conditions . . . . [and] to work dependably[.]" *Hamilton*, 34 S.W.3d at 51. Additionally, Miles did not testify that she could not work in the future, only that her injury prevented her from working at her former job with Bluegrass. Bluegrass is entitled to greater detail regarding the ALJ's reasoning. Thus, we agree with the Court of Appeals

that the opinion and award should be vacated and the matter remanded for the ALJ to make additional findings. We note that on remand the ALJ is free to again conclude that Miles is entitled to PTD benefits as long as the record supports such a conclusion and the ALJ articulates the basis for his findings and conclusion.

To make a determination that a claimant is permanently and totally disabled the ALJ must:

> necessarily . . . [consider] . . . factors such as the worker's post-injury physical, emotional, intellectual, and vocational status and how those factors interact. It also includes a consideration of the likelihood that the particular worker would be able to find work consistently under normal employment conditions. A worker's ability to do so is affected by factors such as whether the individual will be able to work dependably and whether the worker's physical restrictions will interfere with vocational capabilities.

*Hamilton*, 34 S.W.3d at 51. Thus, the ALJ must consider a number of factors, not just a claimant's physical restrictions. Furthermore, we have not previously held and we do not now hold that a claim of permanent total disability must be supported by a physician's opinion that the claimant is unable "to find work consistently under normal employment conditions . . . . [and] to work dependably." That is a finding the ALJ must make based on the factors set forth above.

Finally, we note that the Court of Appeals stated that the ALJ failed to balance "Miles's age, work history, and education against her physical restrictions, *the availability of more sedentary jobs*, and her ability to perform those jobs." (Emphasis added.) The ALJ must determine if a claimant can find

work "under normal employment conditions," *McNutt Constr./First Gen. Servs. v. Scott*, 40 S.W.3d 854, 860 (Ky. 2001), however, the parties are not required to provide evidence regarding the availability of jobs nor is the ALJ required to make a specific finding regarding the availability of jobs. The ALJ is only required to find whether employment conditions are normal, a finding that could include, but does not necessitate, a finding regarding the availability of various job classifications.

Thus, for the above stated reasons, we affirm the decision of the Court of Appeals.

All sitting. Minton, C.J.; Abramson, Keller, and Noble, JJ., concur. Barber, J., dissents by separate opinion in which Cunningham and Venters, JJ., join.

BARBER, J., DISSENTING: Respectfully, I dissent. The Board concluded that the ALJ had applied the proper legal standard for determining whether Miles was permanently total disabled in accordance with *Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48 (Ky. 2000). As the Board explained:

> There is no question Miles sustained a work-related injury. This was assessed by Drs. Owen, Madden and Menke. Likewise, all of these physicians assessed impairment ratings and recommended restrictions resulting from her work injury. Miles testified she cannot return to work. She also testified she has constant low back pain (sometimes increased with activity), takes medication, and her right leg occasionally goes numb, causing her to fall.

I agree with the Board that the award of PTD benefits is not so unreasonable under the evidence that the ALJ's decision must be reversed. The ALJ explained that he relied upon Miles' testimony, as well as the "very

7

persuasive" reports of Dr. Owen and Dr. Madden. Both physicians assigned significant restrictions. Dr. Madden opined that Miles' lumbar radicular pain negatively impacts "nearly all aspects of daily living as well as limiting her ability to competitively engage in employment." Miles testified that she has not worked anywhere since she last worked for Bluegrass. In her deposition, Miles explained that she unsuccessfully tried to find private care work "where they send you to private care homes. They said they needed more information about my restrictions. And that was it."

"[A] worker is not required to be homebound in order to be found to be totally occupationally disabled." *Transp. Cabinet v. Poe*, 69 S.W.3d 60, 63-64 (Ky. 2001).

> Although the Act underwent extensive revision in 1996, the ALJ remains in the role of the fact-finder, and it is among the functions of the ALJ to translate the lay and medical evidence into a finding of occupational disability. ...the ALJ is not required to rely on the vocational opinions of either the medical experts or the vocational experts. A worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured.

*Com., Transp. Cabinet v. Guffey*, 42 S.W.3d 618, 621 (Ky. 2001) (citations omitted).

Cunningham and Venters, JJ., join.

8

COUNSEL FOR APPELLANT,
EDNA MILES:

McKinnley Morgan


COUNSEL FOR APPELLEE,
BLUEGRASS REHABILITATION CENTER:

Kimberly Newman
Lucas Ryan Braun